Serafín Alfaro y Ramón Calero, peticionarios y apelados, *v.* Asamblea Municipal de Isabela, demandado y apelante.

No. 3778.—*Visto:* Mayo 28, 1926. *Resuelto:* Julio 16, 1926.

1. Certiorari—Procedimientos y Resolución—Apelación—Desestimación del Recurso.—Un procedimiento de *certiorari* para anular acuerdos de una asamblea municipal es un procedimiento especial, y autorizando el artículo 295 del Código de Enjuiciamiento Civil apelaciones contra sentencias dictadas por las cortes de distrito en pleitos o procedimientos especiales, no cabe desestimar apelación interpuesta contra sentencia dictada en dicho procedimiento de *certiorari* por el fundamento de que el remedio de apelación no existe en dicho procedimiento especial.

2. Certiorari—Procedimientos y Resolución—De la Demanda, Petición o Solicitud—Requisitos de las Mismas—Alegaciones de Hechos de los Cuales Surja el Remedio Solicitado.—En las peticiones de *certiorari* que concede la Ley Municipal es necesario alegar hechos de los cuales, teniéndolos por ciertos, surja el remedio que se solicita, y en ausencia de ellos la corte no puede requerir las diligencias que motivaron los actos administrativos o legales impugnados, decidir si son o no nulos, ni obligar a la demandada a que se defienda sin constar los hechos en que se basa la petición.

3. Certiorari—Procedimientos y Resolución—De la Demanda, Petición o Solicitud—Requisitos de las Mismas—Alegaciones de Hechos de los Cuales Surja el Remedio Solicitado—Omisión de Alegarlos, y Efecto.—Cuando en la petición de *certiorari* que concede la Ley Municipal no se alegan hechos de los cuales teniéndolos por ciertos surja el remedio que se solicita, ello será motivo bastante para no expedir el auto o para anularlo cuando sobre ello se llame la atención a la corte.

4. CERTIORARI—PROCEDIMIENTOS Y RESOLUCIÓN—DE LA DEMANDA, PETICIÓN O SO-
LICITUD—ACUMULACIÓN INDEBIDA DE ACCIONES.—Atendida la demanda de
*certiorari* en este caso *se resolvió:* que la acción ejercitada por los peticio-
narios como asambleístas para anular el acuerdo de la asamblea al declarar
vacantes sus cargos, y la ejercitada como contribuyentes para declarar ilegal
la aprobación del presupuesto municipal hecho después de haberse declarado
los cargos de los peticionarios, no eran acumulables.

5. CERTIORARI—NATURALEZA Y FUNDAMENTOS—DEFENSAS CONTRA EL REMEDIO—
PERJUICIOS QUE CAUSARE LA EXPEDICIÓN DEL AUTO—SOLICITUD DE CERTIORARI
NO CLARA EN SUS ALEGACIONES.—En procedimiento de *certiorari* ejercitado
de acuerdo con la Ley Municipal, aún cuando el hecho de la expedición del
auto pueda causar graves perjuicios a los intereses públicos y originar entor-
pecimientos a la administración no es motivo bastante para negar su libra-
miento si el peticionario tiene un derecho claro a él, sin embargo, ello es
una circunstancia a considerar cuando la solicitud no es clara en sus alega-
ciones.

SENTENCIA de *Tomás Bryan, J.* (Aguadilla), declarando con lugar
petición de *certiorari* y anulando acuerdos de la Asamblea Mu-
nicipal de Isabela, con costas. *Revocada,* anulándose el auto ex-
pedido, sin costas.

*Guerra Mondragón & Soldevila,* abogados de la apelante; *Leopoldo
Feliú,* abogado de los peticionarios y apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

La petición de *certiorari* cuya resolución motiva esta ape-
lación fué presentada en la corte inferior el primero de julio
de 1925 y fué resuelta por sentencia del 12 del mes siguiente
siendo apelada el mismo día y a pesar de ser de 27 páginas
la transcripción de la apelación no fué presentada en este
Tribunal Supremo hasta el 20 de octubre; y después de obte-
nidas varias prórrogas por el apelante para presentar su
alegato de apelación éste fué radicado cinco meses después,
el 15 de marzo de 1926, haciendo nosotros dos días después
el señalamiento de día para la vista de la apelación, y sus-
pendida a petición de la apelante con la conformidad de la
apelada, señalamos la vista nuevamente para el 28 de mayo
de este año en cuyo día tuvo lugar. Hacemos constar estos
datos para que se vea que si este caso ha tardado en resol-
verse a pesar de estar en discusión la validez del presupuesto
del municipio de Isabela para el año económico de 1925 a

1926 ha sido debido a las actuaciones de las partes, pues a pesar de haber sido apelada la sentencia en 12 de agosto de 1925 la vista de su apelación no ha podido tener lugar hasta nueve meses después, en la época en que este tribunal está próximo a cerrar sus sesiones y agobiado de trabajo por el deseo que tenemos de resolver todos los casos pendientes de decisión.

Don Serafín Alfaro y don Ramón Calero comparecieron ante la Corte de Distrito de Aguadilla alegando ser miembros de la Asamblea Municipal de Isabela y contribuyentes de ese municipio y solicitaron que librase un auto de *certiorari* con el fin de que anulase dos acuerdos de dicha asamblea municipal, tomados ambos en la sesión que celebró dicho cuerpo el 18 de junio de 1925, uno declarando vacante los cargos que los peticionarios ocupaban como asambleístas y otro, tomado después del anterior, aprobando el presupuesto del expresado municipio que había de regir desde el primero de julio de 1925 hasta el 30 de junio de 1926, a pesar de haber vedado el alcalde el 15 de junio el mismo presupuesto aprobado por la asamblea en 10 de junio anterior.

[1] La sentencia recaída en este asunto fué favorable a los demandantes quienes al contestar el alegato de apelación de la demandada dicen en primer término que debemos desestimar la apelación porque no existe tal remedio en procedimientos especiales a menos que se confiera expresa o tácitamente; pero el artículo 295 del Código de Enjuiciamiento Civil autoriza apelaciones de sentencias dictadas por las cortes de distrito en pleitos o procedimientos especiales, y el presente es un procedimiento especial por lo que la apelación podía ser interpuesta y no la desestimaremos.

La asamblea municipal apelante alega seis motivos de error para sostener su recurso de los cuales los cinco primeros se alegan por no haber sido sostenidos por la corte inferior los motivos que alegó ante ella para que anulara el auto que expidió, y el sexto por haber sido dictada sentencia

declarando con lugar la petición de *certiorari* y anulando los acuerdos impugnados.

La apelante solicitó en la corte inferior que el auto librado fuese anulado por los siguientes motivos, que como hemos dicho son los primeros de su apelación, a saber: 1º., que la petición de *certiorari* no contiene hechos suficientes para constituir causa de acción; 2º., que la petición es imprecisa y ambigua; 3º., que se establecen en ella indebidamente dos causas de acción, o se intentan establecer indebidamente dos causas de acción; y 4º., que no procede el libramiento del auto de *certiorari* porque causaría graves perjuicios a los intereses públicos de Isabela y originaría entorpecimientos en la administración municipal de ese pueblo.

La Ley Municipal en su artículo 65 concede jurisdicción a las cortes de distrito a instancia de parte perjudicada para anular o revisar cualquier acto legislativo o administrativo de la asamblea municipal que lesione derechos constitucionales de los querellantes o sean contrarios a la Ley Orgánica o a las leyes de Puerto Rico, mediante *certiorari*.

Los apelados, peticionarios en la corte inferior, alegaron en su solicitud los caracteres en que comparecían, según hemos dicho, los nombres y apellidos de las siete personas que componen la asamblea municipal de Isabela; que dicha asamblea en su sesión extraordinaria del 18 de junio de 1925, estando presentes todos sus miembros y por cuatro votos contra tres, ilegalmente, en violación manifiesta y abierta de la Ley Municipal vigente, asumiendo facultades que no tenía ni tiene, y usurpando poderes de que no estaba ni está investida e invocando y fundándose en la sección 20 de la Ley Municipal, tomó el acuerdo de declarar y declaró vacantes los puestos de los peticionarios en dicha asamblea, de cuyo acuerdo protestaron en el mismo acto, y que debido a dicho acuerdo los peticionarios abandonaron la sesión saliendo del salón en que se celebraba; y que en la misma sesión, sin estar presentes los peticionarios y sí solamente los otros cinco

miembros de los siete que integran la asamblea municipal, ésta tomó el acuerdo de aprobar el presupuesto municipal de dicho municipio para el año fiscal de 1925 a 1926 contra el veto del alcalde que había vedado el que había sido aprobado el 10 de junio de 1925, acuerdo que tomó por cuatro votos, y uno en contra, después de haber declarado vacantes los puestos de los peticionarios, por lo que es ilegal y nulo el mencionado acuerdo aprobatorio del presupuesto por haberse tomado en violación de la Ley Municipal.

[2, 3] En toda demanda y también en las peticiones de *certiorari,* ya sea el clásico contra resoluciones judiciales ya el que concede la Ley Municipal contra actos legislativos o administrativos de las asambleas municipales es necesario que se aleguen hechos de los cuales, teniéndolos por ciertos, surja el remedio que se solicita y sin ellos no está autorizada la corte para requerir las diligencias que motivaron los actos legislativos o administrativos impugnados y decidir si son nulos o nó, ni para obligar a la demandada a que se defienda sin conocer los hechos en que se basa la petición de nulidad que se interesa, y si así no se hace será motivo bastante para no expedir el auto o para anularlo cuando sobre ello se llame la atención de la corte. En 11 C. J. pág. 184, sección 296, se sienta el mismo principio.

La petición en este caso para que se anule el acuerdo declarando vacantes los cargos de los peticionarios es fatalmente defectuosa porque sólo contiene alegaciones de derecho, impropias en toda demanda o petición, sin exposición alguna de hechos pues se dice que la asamblea municipal tomó ese acuerdo ilegalmente, en violación de la ley y usurpando facultades que no tenía, pero sin relatar los hechos de los cuales pueda con su lectura llegar a la conclusión una corte de que siendo ciertos la asamblea obró fuera de sus facultades o contra la ley. Es más, según esa alegación el acuerdo se tomó fundándose la asamblea municipal en el artículo 20 de la ley que rige sus destinos, en el que se faculta a los

miembros de dichas asambleas para declarar vacantes los puestos de los otros asambleístas que estuvieren ausentes del municipio sin causa justificada durante un período de sus sesiones, y como en la petición no se alega que tal ausencia no haya ocurrido, o mejor dicho que los peticionarios han concurrido durante los períodos de sesiones, la petición es insuficiente por falta de esa alegación por no expresar hechos para el remedio que se solicita. La falta de hechos suficientes en la petición la hace también incierta porque no pone a la demandada en situación de saber de cuáles hechos ha de defenderse y sobre cuáles ha de versar la controversia.

[4] También la demanda adolece del defecto de acumular indebidamente dos causas de acción: una es la ejercitada por los peticionarios como asambleístas para que se anule el acuerdo de la asamblea que declaró vacantes sus cargos; la otra es la que ejercitan como contribuyentes para que se declare ilegal la aprobación del presupuesto contra el veto del alcalde, después de haber sido declarados vacantes los cargos de los peticionarios, por el voto de cuatro de los cinco miembros restantes, acciones que no son acumulables porque se ejercitan bajo distintos caracteres, una como asambleístas en reclamación de sus cargos, y otra como meros contribuyentes, independientemente del carácter anterior y porque se refieren a acuerdos distintos, aunque relacionados entre sí. En Spelling sobre *Injunctions* y otros remedios extraordinarios, segunda edición, tomo 2, páginas 1722 y 1723, sección 1993, se dice lo siguiente: ''La objeción de haber sido acumuladas impropiamente más de una causa de acción en la misma petición procede en ésta como en otras peticiones o demandas, en propios casos. En consecuencia, se ha declarado que dos distintas órdenes o decretos finales de la corte de comisionados, una estableciendo un camino y la otra concediendo una licencia para explotar un barco de pasajeros (*ferry*) no pueden llevarse a una corte de circuito por un auto de *certiorari,* aunque el barco era una parte del camino.''

[5] Aunque el hecho de que la expedición del auto de *certiorari* pueda causar graves perjuicios a los intereses públicos y originar entorpecimientos en la administración no es motivo bastante para negar su libramiento si el peticionario tiene un derecho claro a él, sin embargo es una circunstancia que debe tenerse en cuenta cuando la solicitud no es clara en sus alegaciones.

En vista de las conclusiones expuestas opinamos que fué error de la corte inferior el no acceder a la petición de la demandada para que anulase el auto que expidió sin entrar a considerar los méritos del caso, y por eso no tenemos que considerar el último motivo de error que alega el apelante fundado en que no debió declararse con lugar la petición de *certiorari* y anularse los mencionados acuerdos.

*La sentencia apelada debe ser revocada* y dictarse otra declarando que la petición de *certiorari* no es suficiente para expedir el auto que se interesó y *anulando* el auto que fué expedido, sin especial condena de costas.