RAMÓN CALERO y SERAFÍN ALFARO, demandantes y apelantes, v. ASAMBLEA MUNICIPAL DE ISABELA, demandada y apelada

No. 3944.—*Visto:* Enero 19, 1928. *Resuelto:* Febrero 10, 1928.

1. CERTIORARI—PROCEDIMIENTOS Y RESOLUCIÓN—REVISIÓN POR CERTIORARI Y SU ALCANCE—CUESTIONES ACADÉMICAS.—Cuando un acuerdo declarando vacan-

tes ciertos cargos de asambleístas municipales, impugnado ante las cortes, queda confirmado, es académico resolver si está bien o mal fundado un segundo acuerdo declarando vacantes los mismos cargos por otras razones.

2. CERTIORARI—PROCEDIMIENTOS Y RESOLUCIÓN—COSTAS DEL PROCEDIMIENTO—TEMERIDAD O MALA FE.—Examinadas las circunstancias concurrentes se resolvió que no apareciendo que los recurrentes fueran temerarios no debió condenárseles al pago de las costas.

SENTENCIA de *Tomás Bryan*, J. (Aguadilla), declarando sin lugar recurso de *certiorari* con costas, incluyendo honorarios de abogado. *Revocada* en cuanto a su pronunciamiento de gastos y costas y *confirmada.*

*V. M. Fernández* y *M. Tous Soto*, abogados de los apelantes; *Guerra Mondragón & Soldevila* y *R. Rivera Zayas*, abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Ramón Calero y Serafín Alfaro presentaron en la Corte de Distrito de Aguadilla una solicitud para que se expidiera un auto de *certiorari* dirigido a la Asamblea Municipal de Isabela. El auto fué expedido y finalmente anulado por la corte de distrito. Calero y Alfaro apelaron entonces para ante este tribunal.

[1] Aparece de la solicitud que los peticionarios fueron electos miembros de la Asamblea Municipal de Isabela en las elecciones generales celebradas en 1924; que tomaron posesión de sus cargos el segundo lunes de enero de 1925 y el 18 de junio del propio año la Asamblea los expulsó de su seno y declaró vacantes sus puestos; que los peticionarios establecieron un procedimiento de *certiorari* en el cual obtuvieron sentencia favorable; que la sentencia fué apelada por la Asamblea el 12 de agosto de 1925 y pendiente aún la apelación la Asamblea, el 13 de mayo de 1926, declaró otra vez vacantes los puestos de los peticionarios basándose en que siguieron dejando de asistir a las sesiones de la Asamblea. La nulidad de ese último acuerdo fué lo que se pidió a la corte que decretara en este segundo recurso de *certiorari*.

Mientras esta apelación se ha estado tramitando, la primera fué resuelta en sentido contrario a los peticionarios. La corte de distrito había resuelto que ellos habían sido separados ilegalmente y esta Corte Suprema decidió que la sentencia apelada debía revocarse y dictarse otra declarando que la petición de *certiorari* no era suficiente y en tal virtud que debía anularse el auto expedido, todo sin especial condena de costas. *Alfaro* v. *Asamblea Municipal,* 35 D.P.R. 788, 794.

Siendo esto así, habiendo quedado en pie el primer acuerdo de la asamblea declarando vacantes los puestos de los peticionarios, ¿qué necesidad existe de investigar y resolver si el segundo acuerdo decidiendo lo mismo por ulteriores razones está o no bien fundado?

A nuestro juicio sólo cabe la siguiente contestación: Ninguna.

[2] Ahora bien, no obstante ser académica la cuestión de fondo a resolver, existe contra los peticionarios apelantes un pronunciamiento de gastos y costas, incluyendo honorarios de abogados, que exige por lo menos la investigación de los méritos a los efectos de juzgar si fueron o no temerarios al entablar su segunda petición.

Ellos habían obtenido una sentencia favorable, la sentencia fué apelada y creyeron que la apelación suspendía los efectos de la sentencia y no insistieron en volver a la asamblea esperando la decisión definitiva de esta Corte Suprema. Además, en forma más o menos correcta surge de los autos la cuestión de no habérseles citado para ninguna de las sesiones a las que dejaron de concurrir. Bajo esas circunstancias, cuando se enteraron del segundo acuerdo de la Asamblea, nos parece que no actuaron temerariamente al volver a las cortes de justicia, y, por tanto, que no debieron ser condenados en costas.

La sentencia en tal virtud quedará de hecho *confirmada* pero eliminando de ella el pronunciamiento de costas. Di-

cho pronunciamiento quedará redactado así: "Sin especial condena de costas."

El Juez Asociado Señor Texidor no intervino.