José T. Santiago, demandante y apelado, *v.* La Asamblea Municipal de Coamo, demandada y apelante.

Núm. 7958.—*Sometido:* Abril 25, 1940. *Resuelto:* Junio 18, 1940.

---

* Nota: Véase el prefacio.

*Manuel A. Rivera,* abogado de la apelante; *Angel de Jesús Matos,* abogado del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Los hechos de este caso son substancialmente los que siguen: el día 11 de marzo de 1913 don Teodoro Santiago Colón, padre del demandante apelado, solicitó permiso del Concejo Municipal de Coamo para construir una casa en un solar propiedad del municipio. El día 8 de mayo siguiente el concejo aprobó una ordenanza accediendo a lo solicitado, a condición, entre otras, de que el solicitante diera principio a la obra en el término de dos meses y la terminara dentro de seis. Transcurridos poco más de nueve años sin que ni el cesionario ni sus causahabientes cumplieran estrictamente con la condición antes mencionada aun cuando lo hicieran substancialmente, la Asamblea Municipal de Coamo, en 15 de septiembre de 1922, aprobó una resolución citando a varios cesionarios de solares, entre ellos al demandante apelado, para que comparecieran el 26 de octubre de 1922 a la sesión especial que en ese día celebraría a exponer las razones que tuvieran para que no se les declarasen caducados sus derechos. Oídos los interesados, se les concedió, por resolución del día 12 de enero de 1923, hasta el día primero de julio de ese año para que cumplieran con la condición de construir en los solares cedidos en usufructo, apercibidos de que si dentro de dicho término no cumplían con ella, quedaría rescindida la cesión si el usufructuario o sus sucesores no acudían dentro de los treinta días subsiguientes a la fecha en que fueren notificados, ante la corte de distrito correspondiente. No consta que los cesionarios fueran notificados de esta resolución.

Hasta el día 22 de febrero de 1934, aparentemente los cesionarios, y entre ellos la sucesión de don José Teodoro

Santiago, no habían hecho ·o terminado edificación alguna en los solares cedidos, pues en esa fecha, vuelve la asamblea municipal a aprobar otra ordenanza concediéndoles un plazo improrrogable de seis meses para ello, derogando todas las ordenanzas que estuvieren en conflicto con la que entonces aprobaba y disponiendo que si vencido el término de seis meses concedido a los usufructuarios éstos aún no habían construído en los solares, los mismos quedarían automáticamente vacantes y en condiciones de ser cedidos a otras personas. Tampoco consta claramente que esta ordenanza fuera notificada, aunque lo contrario asevera el juez de la corte inferior en su opinión.

El día 15 de marzo de 1935, el secretario-auditor del municipio le dirigió a don José T. Santiago una carta en que le notifica que habían ". . . sido declarados vacantes . . . un sinnúmero de solares . . . que serían cedidos a cualquier persona que interesara fabricar . . .," y en 18 de abril de 1938 Julio Passalacqua solicitó en usufructo el solar que José T. Santiago usufructuaba. El 10 de mayo siguiente aprobó el municipio una ordenanza concediendo a Passalacqua el usufruto del solar interesado por él, y el 24 de ese mismo mes radicó el apelado, a tenor de lo dispuesto en los artículos 70 y 83 de la Ley Municipal (núm. 53 de 1928, pág. 335) un recurso de *certiorari* ante la Corte de Distrito de Ponce, en que alega substancialmente los hechos antes relatados y termina pidiendo que se declare nula la ordenanza del 10 de mayo de 1938 confiriendo a Julio Passalacqua un derecho de usufructo sobre el solar que antes usufructuaba el peticionario. Oídas las partes, la corte declaró con lugar la petición de *certiorari* y nula la ordenanza a que la misma se contrajo. De esa sentencia apeló para ante este tribunal la Asamblea Municipal de Coamo. En su alegato señala diez errores que no vamos a discutir porque a nuestro juicio esta corte carece de jurisdicción para conocer del recurso. Y aunque la cuestión no ha sido levantada por ninguna de las partes contendientes, tratándose de una muy privilegiada,

esta corte se considera obligada a suscitarla y resolverla *motu proprio*.

Dispone el quinto párrafo del artículo 70 de la Ley Municipal que:

"Cuando la Asamblea Municipal estimare llegado el caso de tratar de la caducidad de una de estas concesiones, se citará al concesionario, con antelación de treinta (30) días por lo menos, para que comparezca ante la Asamblea y exponga su derecho, en Sesión que al efecto se celebrará. Oído que sea el interesado, la Asamblea resolverá de acuerdo con la ley y de conformidad con la prueba justificada; y la resolución que adopte será firme, si el concesionario no acude en el término de treinta (30) días de notificársele la resolución, estableciendo la oportuna demanda ante la corte de distrito del distrito a que el municipio pertenezca; *y visto de nuevo el caso en dicha corte, la decisión de ésta será definitiva.*" (Bastardillas nuestras.)

No hay duda ninguna de que la "oportuna demanda" a que este artículo se refiere es cualquiera de los recursos que se relacionan en el artículo 83 de la misma Ley Municipal. Siendo el recurso de apelación de origen estatutario, nunca podría darse por implicación y menos aún cuando el propio estatuto que establece el procedimiento a seguirse cuando llegare ". . . el caso de tratar de la caducidad de una de estas concesiones . . ." termina diciendo que visto el caso de nuevo en la corte de distrito ". . . la decisión de ésta será *definitiva.*" Parece obvio que el legislador quiso limitar las apelaciones contra resoluciones de las asambleas municipales que traten sobre la caducidad de derechos usufructuarios sobre solares del municipio, a las cortes de distrito, porque de otro modo no hubiera hecho sus decisiones definitivas, y a tenor de lo resuelto en *Alfaro* v. *Asamblea Municipal,* 35 D.P.R. 788, la apelación para ante este Tribunal Supremo estaría autorizada por el artículo 295 del Código de Enjuiciamiento Civil. Por ello es que las cortes de distrito tienen jurisdicción para revisar por *certiorari* la resolución del Gobernador de Puerto Rico declarando vacante el cargo de alcalde o el de cualquier número de miembros de la asamblea

municipal y nombrando sus sustitutos, y la decisión de la corte de distrito es, al amparo del artículo 11 de la Ley Municipal, apelable para ante esta Corte Suprema, ya que dicho artículo no limita o restringe el recurso.

El artículo 29 de la Ley Municipal, según fué enmendado por la Ley núm. 98 de 1931, Leyes de ese año, págs. 595–613, nos presenta otra situación idéntica a la del artículo 70 que nos ocupa, en que el legislador quiso limitar a las cortes de distrito el recurso de apelación contra las decisiones de los alcaldes removiendo de sus puestos a los funcionarios administrativos y empleados municipales. Dicho artículo dice, en lo pertinente:

"Artículo 29.— .        .        .        .        .        .

"El auditor municipal será nombrado por el Gobernador de Puerto Rico, de una terna de candidatos que someterá a tal efecto el comité central del partido que ganó las elecciones en la municipalidad, y podrá ser destituído por el Gobernador sólo por causa justificada y contra la resolución que dicte el Gobernador destituyéndole, podrá apelar el auditor, dentro de un término de quince días después de habérsele notificado su destitución, para ante la Corte de Distrito del Distrito Judicial con jurisdicción sobre el municipio donde él prestare sus servicios, y dicha apelación se tramitará en la misma forma dispuesta para las apelaciones concedidas a los alcaldes en caso de la destitución de éstos, y en ella se revisarán por la Corte todas las cuestiones de hecho y de derecho. *La resolución de la Corte de Distrito será definitiva para las partes."* (Bastardillas nuestras.)

Por último, veamos en ese mismo artículo 29 y en el 4, qué casos son los que ha querido el legislador sean apelables para ante esta Corte Suprema. Dice el artículo 29 que si el Gobernador de Puerto Rico destituyese al alcalde, éste podrá ". . . interponer apelación para ante el Tribunal Supremo de Puerto Rico en la forma que se provee más adelante." Más abajo dice el mismo artículo que "contra la resolución que dictare la asamblea municipal destituyendo al alcalde, o negándose a destituirlo, según fuere el caso, podrá

el alcalde, o el Gobernador de Puerto Rico, en su caso, recurrir para ante la Corte Suprema de Puerto Rico . . . etc.''

El artículo 4 a su vez concede a cualquier municipio el recurso de apelación directamente para ante esta Corte Suprema de la resolución del Consejo Ejecutivo en que se decidan disputas entre dos o más municipios acerca de sus límites territoriales.

Vemos, pues, que la Ley Municipal claramente establece qué casos quedan definitivamente resueltos por las cortes de distrito, qué decisiones de éstas pueden ser apeladas a esta Corte Suprema, y de qué decisiones de los organismos administrativos puede recurrirse directamente para ante este tribunal. Desde luego que las resoluciones de las cortes de distrito que por ministerio de la Ley Municipal vigente son inapelables, siguen siendo revisables por este tribunal ''. . . en aquellos casos en que el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley, y con objeto de terminar los procedimientos cuando el tribunal inferior rehusare hacerlo fundado en bases erróneas, ''esto es, por medio de un *certiorari* clásico, autorizado por el artículo 670 del Código de Enjuiciamiento Civil (ed. 1933). La jurisdicción de la Corte Suprema para expedir dicho auto emana del artículo 671 del código citado; la de las cortes de distrito, del artículo 83 de la Ley Municipal. El procedimiento que se sigue ante esta Corte Suprema es el del *certiorari* clásico; el que se sigue en las cortes de distrito es el del *certiorari* especial, su uso es restringido y su alcance limitado por el propio estatuto que lo autoriza.

*Disponiendo el artículo 70, supra, que las resoluciones que adopten las asambleas municipales sobre caducidad de concesiones quedarán definitivamente resueltas por las cortes de distrito, debe resolverse que esta Corte Suprema no tiene jurisdicción sobre la materia objeto de esta apelación, y por tanto desestimarse el recurso interpuesto.*