EULOGIO SOSA JIMÉNEZ ET ALS., demandantes y apelados, *v.* RAFAEL CABÁN PEÑA, ALCALDE DEL MUNICIPIO DE AGUADILLA, demandado y apelante.

Núm. 10416.   *Sometido:* Noviembre 5, 1951.—*Resuelto:* Noviembre 26, 1951.

*Amadeo Nazario Janer,* abogado del apelante; *José Veray, Jr.,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Con el recurso de *certiorari* autorizado por el artículo 83 de la Ley núm. 53 de 28 de abril de 1928 (págs. 335, 399),([1]) acudieron Eulogio Sosa Jiménez y otros en 21 de julio de 1950 ante el Tribunal de Distrito de Puerto Rico, Sección de Aguadilla, contra Rafael Cabán Peña, en su carácter de al-

([1]) El artículo 83 de la Ley núm. 53 de 1928 provee en lo aquí esencial:
"Las cortes de distrito tendrán jurisdicción a instancia de parte perjudicada:
"(*a*) Para anular o revisar cualquier acto legislativo o administrativo...., del alcalde....que lesione derechos constitucionales de los querellantes o sea contrario a la Ley Orgánica o a las leyes de Puerto Rico, mediante *certiorari*; ...."

calde de dicho pueblo. Alegaron en su solicitud enmendada, radicada en 7 de agosto siguiente, que el 7 de junio del mismo año el demandado en su carácter ya indicado redactó y firmó una resolución disponiendo lo necesario para subastar el cobro de arbitrios de la Plaza de Mercado, sin estar autorizado para ello por acuerdo previo de la Asamblea Municipal; que tal actuación del querellado es ilegal y contraria a las disposiciones de la vigente ley municipal, ya que es a la Asamblea a quien corresponde la autoridad de llevar a cabo el arrendamiento de propiedades inmuebles pertenecientes al municipio; que dicha resolución no fué adoptada por la Junta de Subastas sino por el propio alcalde, quien la sometió a la Asamblea Municipal en sesión convocada para tal efecto el día 21 de julio y la Asamblea en ese día dictó resolución por mayoría declarando nula la subasta, por haberse llevado a efecto en violación de las disposiciones de la ley, siendo por tanto nulas y sin valor legal de clase alguna las actuaciones del querellado relacionadas con la celebración de la subasta y adjudicación de la buena pro a Gabriel Rodríguez Soto, siendo también nulo y sin valor legal el cobro de cánones de arrendamiento hecho por Rodríguez Soto a los peticionarios como subarrendatarios de puestos en la Plaza del Mercado, toda vez que Rodríguez Soto cobra cánones en violación a la Ordenanza de Arbitrios núm. 14 de 1923; que los peticionarios han requerido al demandado para que se abstenga de poner en vigor el cobro de arbitrios de la Plaza del Mercado a virtud del aludido arrendamiento y que el querellado se ha negado a ello y por el contrario ha autorizado a Gabriel Rodríguez Soto para que continúe cobrando a los peticionarios cantidades de dinero injustas, irrazonables y opresivas. En la súplica de la petición se solicita un auto de certiorari para revisar las actuaciones del demandado en relación con los hechos expuestos y que se le ordene envíe para su revisión todos los documentos que tenga relacionados con la subasta indicada.

Contestó el querellado aceptando algunos hechos de la solicitud, negando los esenciales, entre ellos el relativo a que los puestos de la Plaza del Mercado están subarrendados y que se está cobrando por el uso de los mismos cánones contrarios a la ley; y alegando haber convocado a la Asamblea en sesión extraordinaria en dos ocasiones con el objeto de someter a su consideración lo relativo al arrendamiento de la Plaza del Mercado, no habiendo habido quórum en ninguna de esas dos ocasiones; que por tercera vez convocó a la Asamblea para los mismos fines y que en esa ocasión por votación de 6 a 5 la Asamblea acordó desaprobar y rechazar la resolución de la Junta de Subastas; que ese rechazo se efectúo después que el caso de autos fué radicado; que en la actualidad los puestos de la Plaza del Mercado no están subarrendados y que no se está cobrando por el uso de los mismos cánones contrarios a la ley.

Sometido el recurso al tribunal inferior a base de una estipulación suscrita por las partes y de cierta prueba documental aducida, el tribunal dictó sentencia, apoyada en extensa "relación del caso, conclusiones y opinión" declarando con lugar el recurso y nulo y sin valor legal alguno el contrato a virtud del cual fué cedido en arrendamiento a Gabriel Rodríguez Soto el edificio y las anexidades de la Plaza del Mercado de Aguadilla, con costas al demandado. No conforme éste apeló y sostiene ahora que el tribunal sentenciador erró al resolver que los peticionarios probaron ser subarrendatarios; al declarar que de los hechos probados surgía una causa de acción de nulidad contractual en favor de los peticionarios; al declarar con lugar el recurso de certiorari y nulo y sin valor alguno el contrato; y al imponerle las costas.

■■ Asiste la razón al apelante. Conforme hemos indicado, el caso fué sometido a la consideración del tribunal inferior para su decisión a base de una estipulación y de prueba documental. En la estipulación figuran las siguientes:

"Cuestiones de Hechos.

"(*a*) En junio 7 de 1950, y sin acuerdo previo alguno de la Asamblea Municipal, el demandado Rafael Cabán Peña, Alcalde de Aguadilla, redactó y adoptó una resolución, de conformidad con lo dispuesto en el artículo 38 de la Ley Municipal, para el arrendamiento de la Plaza del Mercado de Aguadilla, sus dependencias y anexidades, mediante subasta pública, señalando el día 24 del mismo mes y año para el acto de la adjudicación de la subasta.

"(*b*) El día 24 de junio de 1950 se reunió la Junta de Subastas, compuesta por el Alcalde Sr. Rafael Cabán Peña y el Auditor Municipal, Sr. Pedro Duprey, y cumpliendo con las exigencias del citado artículo 38 de la Ley Municipal se adjudicó la buena pro de la subasta al Sr. Gabriel Rodríguez Soto.

"(*c*) Que se levantó un Acta de lo actuado por la Junta de Subastas el día 24 de junio de 1950, y se notificó de dicha acción a la Hon. Asamblea Municipal de Aguadilla con fecha 29 de junio de 1950, para que dicho cuerpo tomara la acción correspondiente.

"(*d*) Que antes de suscribirse contrato alguno entre el Municipio y el rematista Sr. Gabriel Rodríguez Soto, el Hon. Alcalde convocó a la Asamblea Municipal a sesión extraordinaria para que tomara la acción pertinente en relación con la adjudicación de la subasta.

"(*e*) Que no habiendo tomado acción la Asamblea Municipal, en uno u otro sentido, respecto a la aprobación o rechazo de la acción tomada por la Junta de Subastas, los señores Rafael Cabán Peña y Pedro Duprey, en sus respectivos caracteres de Alcalde-Tesorero-Director Escolar y Secretario-Auditor del Municipio de Aguadilla cedieron en arrendamiento al Sr. Gabriel Rodríguez Soto los puestos de que consta el edificio Plaza Mercado Municipal, incluyendo todas las demás anexidades de dicho edificio por un canon anual de $11,004 pagaderos por mensualidades vencidas.

"(*f*) Que el día 27 de junio de 1950 el Hon. Alcalde, Rafael Cabán Peña, cursó una convocatoria a todos y cada uno de los miembros de la Asamblea Municipal para sesión extraordinaria de dicho cuerpo a celebrarse el día 29 del mismo mes y año para discutir entre otros asuntos el siguiente: Ratificación de la subasta celebrada por la Junta Administrativa el 24 de junio de 1950, sobre cobro de arbitrios Plaza Mercado, por el año económico 1950–51. Que llegado el día 29 de junio, y pasada lista

a los miembros de la Asamblea Municipal, no hubo quórum presente, por lo que no pudo considerarse este asunto en dicha fecha.

"(g) Que con fecha 10 de julio de 1950 el Alcalde demandado convocó a todos y cada uno de los miembros de la Asamblea Municipal para una sesión extraordinaria a celebrarse el día 12 del mismo mes y año a fin de discutir entre otros asuntos los mismos a que se refiere el párrafo inmediato anterior. Que llegado el día 12 de julio de 1950 y pasada lista por el Secretario de la Asamblea Municipal, tampoco hubo quórum de la Asamblea Municipal por lo que no fué posible discutir la materia objeto de la convocatoria.

"(h) El día 19 de julio de 1950 se cursó, por el Alcalde demandado, nueva convocatoria a la Asamblea Municipal para sesión extraordinaria a fin de discutir y resolver la misma materia que fué objeto de convocatoria para sesiones que debieron celebrarse y no se celebraron en los días 29 de junio y 12 de julio de 1950. Que llegado el día 21 de julio y después de haberse suscrito el contrato con el rematista señor Gabriel Rodríguez Soto, se consiguió quórum en la Asamblea Municipal, y ésta, por votación de 6 a favor y 5 en contra rechazó todo el procedimiento seguido en la subasta por el Hon. Alcalde y por la Junta de Subastas, por el fundamento de haberse violado el artículo 26 de la vigente Ley Municipal.

"(i) Que con posterioridad a la radicación de los procedimientos judiciales en estos casos, el adjudicatario en la subasta Sr. Gabriel Rodríguez Soto, con fecha 29 de julio de 1950, se dirigió por escrito al Alcalde expresándole su deseo de dar por rescindido el contrato celebrado entre él y el Municipio de Aguadilla, de fecha 30 de junio de 1950, en relación con la Plaza del Mercado y sus dependencias. Que a partir de julio 30 de 1950, y hasta el presente, el Municipio ha estado administrando directamente la Plaza del Mercado y los puestos y anexidades de la misma, efectuando los cobros de arrendamiento, a tono con las disposiciones de la Ordenanza Municipal núm. 14 de 1923, subsiguientemente enmendada.

"(j) En vista de esta acción del adjudicatario, y con fecha 31 de julio, el Hon. Alcalde convocó para sesión extraordinaria, a la Asamblea Municipal de Aguadilla, a fin de que dicha Asamblea resuelva la acción que deba tomarse en cuanto a la forma en que habrá de explotarse la Plaza del Mercado de Aguadilla."

En ella también se estipularon por las partes ciertas "Cuestiones de Derecho" que es innecesario reseñar.

La prueba documental consistió en la resolución adoptada por el alcalde disponiendo lo necesario para subastar el cobro de arbitrios de la Plaza del Mercado; en el aviso de subasta; en un edicto publicado en un periódico de esta ciudad; en la proposición hecha por Gabriel Rodríguez Soto; en el acta de la subasta celebrada; en copia de la ordenanza número 14 sobre imposición de arbitrios; en las convocatorias a la Asamblea de 27 de junio de 1950 y 10 de julio de 1950, respectivamente, y en otra prueba documental de similar naturaleza.

Ni de la estipulación ni de los documentos presentados aparece, sin embargo, prueba de clase alguna demostrativa de que los peticionarios son "parte perjudicada". No existiendo prueba a ese efecto la petición debió ser declarada sin lugar, toda vez que el artículo 83, supra, dispone de manera taxativa que "la cortes de distrito tendrán jurisdicción a instancia de parte perjudicada". Es ése un precepto que ha de ser interpretado restrictivamente, y que a los fines de un recurso como el interpuesto en este caso constituye un requisito *sine qua non*. Véase *Santiago* v. *Asamblea Municipal*, 57 D.P.R. 121, 126. En ausencia de tal demostración el tribunal ínferior debió desestimar la solicitud.

■ Por otra parte, de la propia estipulación suscrita por las partes aparece de manera clara y terminante "que a partir de julio 30 de 1950, y hasta el presente, el municipio ha estado administrando directamente la Plaza del Mercado y los puestos y anexidades de la misma, efectuando los cobros de arrendamiento, a tono con las disposiciones de la Ordenanza Municipal núm. 14 de 1923, subsiguientemente enmendada". Así pues, tanto para el 8 de agosto de 1950, día en que se celebró la vista del caso, como para el 22 del mismo mes, fecha en que se dictó la sentencia en el recurso, ya el contrato de arrendamiento celebrado entre Rodríguez Soto y el alcalde querellado había dejado de surtir todos sus efec-

tos, puesto que el municipio desde el 30 de julio había estado y estaba administrando directamente la Plaza del Mercado objeto de dicho contrato. A los fines del recurso, de nada valía que se declararan nulas la resolución del querellado, la adjudicación de la subasta a Rodríguez Soto y el contrato celebrado con él posteriormente. Una decisión declarando la nulidad de todos esos actos o procedimientos carecía de toda virtualidad y resultaba completamente académica.

*Debe revocarse la sentencia apelada y declararse sin lugar la solicitud de certiorari, con costas a los peticionarios.*