EL PUEBLO DE PUERTO RICO, apelado, *v.* JOSÉ A. MIRANDA COLÓN, acusado y apelante.

*Número:* M-84-6    *Resuelto:* 5 de junio de 1984

*Ivette González López,* abogada del acusado apelante.

PER CURIAM: Se ha presentado ante nos una solicitud de "prórroga para radicar escrito de apelación". De ordinario dispondríamos de una solicitud como es ésta con un "no ha lugar" y advertiríamos al abogado presentante de la misma de su obligación ética de informarse adecuadamente del Derecho aplicable para descargar responsablemente sus obligaciones profesionales para con su cliente. El hecho de que con inusitada frecuencia se nos presentan solicitudes del mismo o parecido tenor nos mueve a expresarnos para conocimiento y advertencia de la profesión.

La petición que aquí nos ocupa señala que el señor apelante fue convicto de homicidio involuntario y sentenciado por dicho delito el 29 de marzo de 1984; que no está conforme y desea apelar; que "no cuenta con los ingresos para gestionar una apelación y solicitó ayuda de la abogada que suscribe para que le redactara el escrito de apelación"; que "no se ha podido someter dicho escrito de apelación dentro del término correspondiente" debido a problemas de salud de una hija de dicha abogada; y que por ello solicita "una prórroga de 20 días para someter el escrito de apelación correspondiente".

La moción, fechada el 17 de abril de 1984, fue presentada en la Secretaría de este Tribunal el 19 de dicho mes. En ella se indica que se ha enviado copia a la Sala sentenciadora y al Fiscal de Distrito.

Es principio universalmente reconocido que la ignorancia de las leyes no excusa de su incumplimiento. Lo hallamos recogido en esos precisos términos en el Art. 2 del Código Civil, 31 L.P.R.A. sec. 2. Esto no quiere decir que el abogado tiene que conocer todas las leyes. Ello sería humanamente imposible. Pero su incumplimiento de las leyes no puede escudarse y mucho menos justificarse en su ignorancia de ellas. Esta norma es de particular importancia y exigencia cuando se trata, como en este caso, de un término jurisdiccional, cuyo incumplimiento puede implicar la derrota de un derecho.

La Regla 194 de Procedimiento Criminal establece el procedimiento para formalizar una apelación. Dice:

> La apelación se formalizará presentando un escrito de apelación en la secretaría de la sala del tribunal que dictó la sentencia, dentro de los veinte días siguientes a la fecha en que la sentencia fue dictada, pero si dentro del indicado período de veinte días se presentare una moción de nuevo juicio fundada en las Reglas 188(e) y 192, el escrito de apelación podrá presentarse dentro de los veinte días siguientes a aquel en que se notificare al acusado la orden del tribunal denegando la moción de nuevo juicio.

El apelante deberá notificar al fiscal la presentación del escrito de apelación dentro del término para apelar y dicha notificación se hará en la forma provista en estas reglas, salvo lo que se dispone en la regla siguiente.

■ Los términos para apelar sentencias, sean penales o civiles, y para recurrir sentencias dictadas en causas civiles, son fijados por ley para conferir jurisdicción al tribunal apelativo. Véanse: *Rodríguez* v. *Pueblo*, 3 D.P.R. 107 (1903); *Cabassa* v. *Bravo*, 21 D.P.R. 185 (1914); *In re Franceschi y López de Tord*, 44 D.P.R. 647 (1933); *El Tesorero de P.R.* v. *El Banco Comercial de P.R.*, 44 D.P.R. 790 (1933); *Rivera Bonilla, Ex Parte*, 53 D.P.R. 403 (1938); *Santiago* v. *Asamblea Municipal*, 57 D.P.R. 121 (1940); *González* v. *Jiménez*, 70 D.P.R. 165 (1949); *Concepción* v. *Junta de Contabilidad*, 80 D.P.R. 194 (1958). Un término jurisdiccional no puede ser, por tanto, prorrogado por el tribunal apelativo pues tal acción sería en exceso de la autoridad conferídale por ley.

■ En la causa ante nuestra consideración podría considerarse, en ánimo de impartir justicia, que es lo que importa, si la moción en que se interesa prórroga es en efecto un escrito de apelación. Pero dicho escrito debió presentarse en la Sala sentenciadora; no ante nos. Y debió notificarse personalmente al fiscal dentro del término de veinte días a partir de la fecha de la sentencia. *Pueblo* v. *Escudero*, 41 D.P.R. 318 (1930); *Pueblo* v. *Rubio*, 44 D.P.R. 889 (1933). No tenemos constancia de que se cumplieran dichos requisitos.

*Se dictará resolución que declare sin lugar, por improcedente, la prórroga solicitada.*