# 95 DTA 163

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN
## PANEL IV

MARIA DE LOS A. DE JESUS
Demandante-Apelante

v.

MITSUBISHI MOTOR SALES OF CARIBBEN, INC., ET ALS.
Demandados-Apelados

Núm. KLAN-95-00481

San Juan, Puerto Rico, a 31 de mayo de 1995

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se presenta ante nuestra consideración un recurso de apelación de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, de una causa de acción por

incumplimiento de contrato y daños y perjuicios. La parte apelada presentó una moción solicitando la desestimación del recurso por falta de jurisdicción.

Evaluados los escritos que obran en autos, se desestima el recurso por falta de jurisdicción por los siguientes fundamentos.

El día 30 de marzo de 1995, el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió una sentencia desestimando una demanda presentada por la parte apelante María De los Angeles de Jesús contra la parte apelada Mitsubishi Motors Sales of Caribbean y otros, la cual fue archivada en autos y notificada el día 10 de abril de 1995.

La parte apelante inconforme con la sentencia emitida por el tribunal de instancia, presentó el día 11 de mayo de 1995, un escrito de apelación titulado como *"Alegato del Apelante"*, acompañado de una moción donde solicitaba que se aceptara la radicación del recurso de apelación, aún cuando se presentó en exceso del término de treinta (30) días desde la notificación de la sentencia.

La parte apelada compareció el día 23 de mayo de 1995, mediante moción solicitando la desestimación del recurso de apelación, por haberse presentado fuera del término jurisdiccional de treinta (30) días.

La Ley de la Judicatura de Puerto Rico aprobada el 28 de julio de 1994, establece en su Art. 4.002(a), que se podrá acudir al Tribunal de Circuito de Apelaciones mediante recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia. Sobre el trámite y el modo de formalizar los recursos de apelación y a virtud de la autoridad concedida por el Art. V de la Constitución del Estado Libre Asociado, el Tribunal Supremo de Puerto Rico aprobó el Reglamento del Tribunal de Circuito de Apelaciones el cual dispone en su Regla 14(A), que las apelaciones se presentarán y formalizarán conforme a las disposiciones pertinentes al Reglamento y a las Reglas de Procedimiento Civil.

La Regla 53.1 de las Reglas de Procedimiento Civil, 32 L,.P.R.A., Ap. III, dispone:

*"(a) La apelación se formalizará presentando un escrito de apelación en la secretaría de la sección del tribunal que entendió en el caso, y copia del mismo en la secretaría del tribunal de apelación, dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia."*

El término para acudir en un recurso de apelación al Tribunal de Circuito de Apelaciones de una sentencia dictada de un caso originado en el Tribunal de Primera Instancia, es el de treinta (30) días, a partir del archivo en autos de copia de la notificación de la sentencia según lo dispone la Regla 53.1 antes mencionada.

El Tribunal Supremo resolvió en el caso, *Pueblo v. Miranda Colón,* 115 D.P.R. 511, 513, (1984), que *"[L]os términos para apelar sentencias sean penales o civiles, y para recurrir sentencias dictadas en causas civiles, son fijados por ley para conferir jurisdicción al tribunal apelativo."* Añadió el Tribunal Supremo en el caso antes mencionado, que los términos de apelación por ser jurisdiccionales, no pueden ser prorrogados por el tribunal apelativo.

Los tribunales apelativos, no tienen discreción para asumir jurisdicción en un recurso de apelación donde la ley no se la confiere. *Maldonado v. Pichardo,* 104 D.P.R. 778, 782 (1976). Es responsabilidad de los tribunales el *"[s]er guardianes de su propia jurisdicción."* López Rivera v. A.F.F., 89 D.P.R. 414, 419 (1963); *Gobernador de Puerto Rico v. Alcalde de Juncos,* 121 D.P.R. 522, 530 (1988).

En el caso ante nuestra consideración la parte apelante acepta, que presentó el escrito de apelación fuera del término jurisdiccional de treinta (30) días dispuesto por la ley. No obstante fundamenta su dilación por motivo de que la Regla 35(B) del Reglamento del Tribunal de Circuito de Apelaciones según está redactada se presta a confusión. Concluimos que esta alegación es inmeritoria, ya que esta regla se refiere a los alegatos a ser presentados en el Tribunal de Circuito de Apelaciones en los recursos de apelación una vez están perfeccionados y no al término jurisdiccional para presentar los recursos.

Por los anteriores fundamentos se desestima el recurso de apelación por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General