# 95 DTA 116

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL V
PONCE Y AIBONITO - PANEL II**

EL PUEBLO DE PUERTO RICO
Apelado

v.

ANIBAL TORRES QUIÑONES
Apelante

Núm. KLAN-95-00133

San Juan, Puerto Rico, a 9 de junio de 1995

Panel integrado por su presidenta, Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se presenta ante nuestra consideración un recurso de apelación de una sentencia dictada por el Tribunal de Distrito, Sala de Ponce, el día 25 de abril de 1994, antes de haber entrado en vigor la Ley Núm. 1 de 28 de julio de 1994, conocida como Ley de la Judicatura de Puerto Rico, por violación al Art. 152 del Código Penal, donde se le impuso al apelante una multa de $500.00 dólares y seis (6) meses de cárcel suspendida.

Se nos refiere el recurso el día 10 de abril de 1995, a tenor con la Orden Administrativa Núm. XIII, emitida por el Juez Presidente del Tribunal Supremo de Puerto Rico, sobre recursos pendientes en el Tribunal Superior al 24 de enero de 1995, en su competencia apelativa. El día 20 de abril de 1995, emitimos una orden dirigida a la parte apelante, y apelada Hon. Procurador General de Puerto Rico, para que en plazo simultáneo de quince (15) días comparecieran y discutieran si la moción de reconsideración y el escrito de apelación se presentaron dentro de los términos jurisdiccionales según lo dispone la Regla 216(b) de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II.

Las partes presentaron sus escritos debidamente fundamentados y luego de evaluar los mismos y los autos elevados ante nuestra consideración, procedemos a desestimar el recurso por falta de jurisdicción.

La situación de hechos referente al trámite del caso en el Tribunal de Distrito, Sala de Ponce, fue la siguiente. El día 18 de mayo de 1993, se presentó una denuncia contra el apelante por violación al Art. 152 del Código Penal, luego de que el juez instructor determina causa probable para arresto, conforme lo establece la Regla 6 de las Reglas de Procedimiento Criminal. Luego de varios trámites en el tribunal de instancia, se celebró la vista en sus

méritos el día 10 de febrero de 1994, y el tribunal emitió en corte abierta el fallo condenatorio imponiéndole $500.00 dólares de multa y seis (6) meses de cárcel. La sentencia no fue ejecutada ese día ya que el tribunal refirió al apelante a la Oficina de Oficiales Sociopenales, para que rindiera un informe para determinar si el apelante podía ser acreedor a una sentencia suspendida, y reseñaló la vista para el día 25 de abril de 1994. Para el día señalado, el Tribunal de Distrito, dictó sentencia suspendida de seis (6) meses de cárcel.█

De la minuta del 25 de abril de 1994, surge que el apelante solicitó, *"[t]iempo para radicar un escrito de apelación"* y que el Tribunal de Distrito dispuso, *"[S]e declara con lugar solicitud."*

Para el día 6 de mayo de 1994, en horas de la tarde el apelante presentó en la Secretaría del Centro Judicial de Ponce una *"Moción de Reconsideración"* del fallo condenatorio emitido por el tribunal. La misma se declaró no ha lugar por el tribunal el día 10 de junio de 1994█ y fue notificada el día 11 de julio de 1994.

El apelante presenta el día 20 de julio de 1994, un escrito de apelación en la Secretaría del Centro Judicial de Ponce y sostiene ante nos, que el término apelativo de diez (10) días comenzó a correr desde la fecha en que se notificó la resolución denegando la reconsideración. El Procurador General de Puerto Rico se opone a la interpretación dada por el apelante y presenta su posición a los fines de que no hay jurisdicción para intervenir en el recurso.█

Los hechos que no están en controversia los cuales se corroboran con los documentos que obran en los autos originales establecen que la sentencia fue dictada por el Tribunal de Distrito, Sala de Ponce el día 25 de abril de 1994, por lo cual el trámite se regía por las Reglas de Procedimiento Criminal, *supra* y las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap.III-A. El apelante informó al Tribunal de Distrito que iba a presentar una apelación y no es hasta el día 6 de mayo de 1994, que presenta una moción de reconsideración, luego de haber transcurrido once (11) días desde la fecha en que se dictó la sentencia en el caso. El representante legal del apelante que anunció que radicaría la apelación, lamentablemente falleció el día 28 de agosto de 1994. El día 2 de diciembre de 1994, se le informó mediante moción al Tribunal de Distrito, de la nueva representación legal del apelante.

Los términos para presentar los recursos de apelación del Tribunal de Distrito al Tribunal Superior según la disposición legal vigente a esa fecha era la Regla 216(b) de Procedimiento Criminal:

*"Procedimiento para formalizar la apelación.*

*La apelación se formalizará presentando un escrito de apelación o una solicitud de juicio de novo en la secretaría de la sala del Tribunal de Distrito en que se celebró el juicio, previa notificación del mismo al Ministerio Público o al fiscal privado, si lo hubiere,* **dentro del término de diez (10) días, contados a partir de la fecha en que la sentencia condenatoria fuere dictada.** *Si se solicitare la reconsideración de la sentencia, el término para radicar el escrito de apelación quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal negando la reconsideración. Cuando el acusado-apelante se encontrare recluido en una institución penal y apelare por su propio derecho, el recurso de apelación se formalizará de acuerdo con lo prescrito en la Regla 195."* (Enfasis suplido).

Del expediente surge que la moción de reconsideración fue presentada luego de haber transcurrido diez (10) días a partir de dictarse la sentencia condenatoria. El hecho de que el

Tribunal de Distrito, acogiera la moción de reconsideración fuera del término que establece la regla no extiende el mismo para presentar la apelación. El apelante presentó su escrito de apelación fuera del término que establece la regla antes mencionada, luego de haber transcurrido aproximadamente dos meses y medio desde que se dictó la sentencia.

El Tribunal Supremo ha resuelto consistentemente que *"[L]os términos para apelar sentencia, sean penales o civiles, y para recurrir sentencias dictadas en causas civiles, son fijados por la ley para conferir jurisdicción al tribunal apelativo."* Pueblo v. Miranda Colón, 115 D.P.R. 511, 513 (1984). Un término jurisdiccional no puede ser prorrogado por el tribunal apelativo pues la ley no le confiere tal facultad. *Pueblo v. Ortiz Couvertier,* opinión de 9 de marzo de 1993, **93 J.T.S. 32**, pág. 10470. Los recursos de apelación deben presentarse y perfeccionarse dentro del término que establece la ley. *González Santos v. Bourns Puerto Rico, Inc.,* **89 J.T.S. 107**, pág. 7273.

Los términos jurisdiccionales son de estricto cumplimiento y la inacción del que invoque unos derechos, al no presentar el recurso dentro del mismo, acarrea su pérdida. *Pueblo v. Mojica Cruz,* 115 D.P.R. 569, 574 (1984).

A los tribunales de justicia le está vedado el asumir jurisdicción donde no la hay. Cualquier acto que se realice fuera de jurisdicción, inclusive el considerar una moción de reconsideración a un recurso de apelación sería contrario a derecho. *Maldonado v. Pichardo,* 104 D.P.R. 778, 782 (1976).

Por los anteriores fundamentos se desestima el recurso de apelación, por falta de jurisdicción. Se le ordena a la Secretaría del Tribunal de Circuito de Apelaciones, que devuelva los autos al Tribunal de Primera Instancia, Subsección de Distrito, Sala de Ponce, para la ejecución de la sentencia conforme a derecho.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 116**

**1.** Véase Minuta de 10 de febrero de 1994, en los autos, originales.

**2.** Obra en los autos originales una copia de una moción de reconsideración con fecha de 7 de marzo de 1994, sobre el fallo condenatorio del 10 de febrero de 1994. Para esa fecha no se había dictado la sentencia en su totalidad ni se había ejecutado el pago de la multa por lo cual la misma no era final. Regla (a) de las Reglas de Procedimiento Criminal.

**3.** El recurso conforme los documentos que obran en autos fue perfeccionado en el Tribunal Superior que era el tribunal de apelación.