# 95 DTA 195

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAROLINA

JOHN A. PEREZ Y LA SOCIEDAD LEGAL DE GANCIALES
COMPUESTA CON KATHY DUCHESNE
Demandantes-Recurridos

v.

MUNICIPIO DE CAROLINA POR CONDUCTO DE SU
ALCALDE, HON. JOSE E. APONTE CIVIL
Demandado-Recurrente

Núm. KLCE-95-00357

San Juan, Puerto Rico, a 26 de junio de 1995

Panel integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Martínez Torres y Cabán Castro

Cabán Castro, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita la revisión de una resolución I dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina, mediante la cual se declaró no ha lugar una moción de desestimación radicada por el recurrente.

El día 12 de septiembre de 1994, la parte demandante-recurrida radicó una demanda de daños y perjuicios contra la parte aquí recurrente alegando daños sufridos como consecuencia de su separación como cadete de la Guardia Municipal de Carolina.

El día lro de noviembre de 1994, la parte demandada-recurrente radicó en instancia una *"moción de desestimación de demanda".* El tribunal de instancia declaró no ha lugar la referida moción mediante resolución emitida el 26 de enero de 1995, copia de la notificación de ésta fue archivada en autos el 3 de marzo de 1995. Con anterioridad a esta resolución, el día 4 de enero de 1995, el recurrente había radicado una moción que denominó *"Moción en apoyo suplementario a la moción de desestimación de demanda; Réplica a moción en cumplimiento de orden y/o réplica a la moción de desestimación y solicitud de vista",* la cual el tribunal de instancia tomó como una solicitud de reconsideración. El 21 de marzo de 1995 el tribunal declaró sin lugar esta última moción, reafirmando su dictamen del 26 de marzo de 1995. Copia de la notificación de esta resolución fue archivada en autos el día 21 de abril de 1995. Este recurso fue radicado el 24 de mayo de 1995.

Habiendo sido tomada por el tribunal de instancia como una de reconsideración, según queda dicho, la mencionada moción, tuvo el efecto de interrumpir el término de treinta días que tenía la parte recurrente para radicar su recurso de *Certiorari* ante este tribunal. El referido término, comenzó a contarse de nuevo desde que se archivó en autos copia de la notificación denegando la moción radicada por el recurrente ██ que según se ha indicado lo fue el 21 de abril de 1995. El recurrente tenía hasta el 22 de mayo de 1995 para radicar su recurso de Certiorari. El mismo fue radicado el 24 de mayo de 1995, dos días después de transcurrido el término para radicar dicho recurso.

El artículo 4.002 inciso (c) de la *"Ley de la Judicatura de Puerto Rico de 1994"* ██ dispone:

*"(c) Mediante auto de Certiorari, expedido a su discreción, de cualquier otra resolución, u orden o providencia judicial de naturaleza interlocutoria dictada por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición para evitar un fracaso de la justicia o que pueda privarse al recurrente de la revisión justa e imparcial a la que tiene derecho por ley. En estos casos, el recurso de Certiorari se formalizará presentando una solicitud en la secretaría de la sede del tribunal revisado dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden. La*

*Secretaría del tribunal revisado remitirá copia de dicha solicitud a la Secretaría de la sala del Tribunal de Circuito de Apelaciones. Dicho recurso se podrá radicar en Secretaría del Tribunal de Circuito de Apelaciones, en cuyo caso remitirá la Secretaría de ese tribunal copia del recurso a la secretaría de la sede del tribunal revisado. El término aquí dispuesto es de cumplimiento estricto, **excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de Certiorari.**"* (Enfasis nuestro)

El Tribunal Supremo ha resuelto que los términos para revisar una decisión del Tribunal de Primera Instancia son dispuestos por ley para conferir jurisdicción al tribunal apelativo, y siendo este término uno jurisdiccional no puede ser prorrogado por el tribunal apelativo ■

La Regla 33 (c) del Reglamento del Tribunal de Circuito de Apelaciones, que entró en vigor el 24 de enero de 1995, dispone que:

*"(c) No se aceptarán escritos fuera de término, a menos que el panel que considera el caso disponga otra cosa, cuando medien circunstancias excepcionales. **En caso de términos jurisdiccionales, no se concederá prórroga.**"* (Enfasis nuestro)

En el recurso de *Certiorari* no se nos ha presentado circunstacia excepcional alguna que justifique su radicación fuera de término. Por tanto este tribunal carece de jurisdicción para entender en el presente recurso.

En armonía con la Regla 31 del Reglamento del Tribunal de Circuito de Apelaciones, *supra* ■ se desestima el recurso de *Certiorari* presentado en el caso de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal, y lo certifica la Secretaria General. El Juez Martínez Torres emitió voto concurrente.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 195

**1.** La Regla 53.1 de las de Procedimiento Civil vigentes, 32 LPRA Ap III R 43.2 (1983), en su parte pertinente dispone:

*"(d) El transcurso del término para apelar o para solicitar el recurso de revisión se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumera, y el referido término comenzará a contarse de nuevo **desde que se archive en autos copia de la notificación** de cualquiera de las siguientes órdenes en relación con dichas mociones: (1) ... (2) resolviendo definitivamente una moción de reconsideración sujeto a lo dispuesto en la Regla 47; (3)..."* (Enfasis nuestro)

**2.** Ley Núm. 1 del 28 de julio de 1994.

**3.** Véanse: *Pueblo v. Ortiz Couvertier,* opinión del 9 de marzo de 1993, **93 JTS 32**; *Pueblo v. Miranda Colón,* 115 DPR 511 (1984) .

**4.** Esta regla en lo pertinente dispone:

*"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:*

*(1) Que el Tribunal de Circuito de Apelaciones carece de jurisdicción."*

## VOTO CONCURRENTE DEL JUEZ DE APELACIONES SR. MARTINEZ TORRES — 95 DTA 195

San Juan, Puerto Rico, a 26 de junio de 1995

Coincido con el resultado al que llega la mayoría al denegar el auto de *certiorari* solicitado por el demandado, Municipio de Carolina, debido a que la petición se presentó transcurrido el término de treinta (30) días que dispone el Artículo 4.002 (c) del Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, conocido como la *"Ley de la Judicatura de 1994"*. Ese Artículo señala que *"el término allí dispuesto es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de Certiorari."*

La petición de *certiorari* presentada en este caso no aduce razones que justifiquen su presentación luego de haberse cumplido tales treinta días. Por lo tanto, acorde con el mencionado Artículo 4.002(c) y la Regla 18(B)(2)(b) del Reglamento de este Tribunal, la petición debe ser desestimada por no haber sido perfeccionada *"de acuerdo con la ley"* [Regla 31(B)(2) de nuestro Reglamento] y no haberse demostrado la existencia de "circunstancias excepcionales" que justifiquen la presentación tardía de la petición de *certiorari* [Regla 33 (C), *Id.*].

Estamos, pues, ante un término de cumplimiento estricto y no ante uno fatal (jurisdiccional). Por lo tanto, considero equivocadas las referencias de la Resolución mayoritaria a que estamos ante un término jurisdiccional improrrogable. Es claro que la Ley de la Judicatura de 1994 y nuestro Reglamento disponen otra cosa.

**RAFAEL L. MARTINEZ TORRES**
**Juez de Apelaciones**