Cabán Castro, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Se nos solicita revoquemos una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina, sobre daños y perjuicios. Mediante esta sentencia se desestimó la demanda radicada por la peticionaria contra Pan American Insurance Company y la demanda de tercero contra la Cooperativa Rochdale Taxi Cabs, y se adjudicó la responsabilidad por negligencia al tercero demandado José Rodríguez Martínez.
El Tribunal de Primera Instancia dictó sentencia parcial en el presente caso el día 24 de abril de 1995, copia de la notificación de la misma fue archivada en autos el día 27 de abril de 1995. El viernes 12 de mayo de 1995, la peticionaria presentó una moción de reconsideración, y el lunes 15 de mayo presentó una segunda moción de reconsideración donde incluía una solicitud bajo la Regla 43.3 de las de Procedimiento Civil. 32 LPRA Ap III R. 43.3 (1983).
*919 El 16 de mayo de 1995, el tribunal de instancia denegó de plano la primera moción de reconsideración, y el 18 de mayo denegó de plano la segunda moción de reconsideración y solicitud bajo la Regla 43.3 de las de Procedimiento Civil. El presente recurso fue radicado el 19 de junio de 1995.
Este tribunal carece de jurisdicción para entender en este recurso. Veamos.
El caso de autos es sobre un pleito que comprende más de una reclamación, en donde el tribunal de instancia dictó sentencia final de algunas de ellas sin disponer de la totalidad del pleito, por ello la sentencia recurrida participa de la naturaleza de una sentencia final.
Conforme al artículo 4.002(a) del Plan de Reorganización Núm. 1 de la Rama Judicial de 28 de julio de 1994, conocido como la "Ley de la Judicatura de Puerto Rico de 1994", las sentencias finales dictadas por el Tribunal de Primera Instancia son revisables mediante el recurso de apelación. 
La petición de certiorari presentada cumple con los requisitos de forma correspondientes a los escritos de apelación, por lo que la consideraremos como tal. La Regla 53.1 de las de Procedimiento Civil en sus partes pertinentes dispone:

"(a) La apelación se formalizará presentando un escrito de apelación en la secretaría de la sección del tribunal que entendió en el caso, y copia del mismo en la secretaría del tribunal de apelación, dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia.

(d) El transcurso del término para apelar o para solicitar el recurso de revisión se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones: (1) declarando con lugar o denegando una moción bajo la Regla 43.3 para enmendar o hacer determinaciones iniciales o adicionales de hechos, fuere o no necesaria una modificación de la sentencia si se declarare con lugar la moción: (2) resolviendo definitivamente una moción de reconsideración sujeto a lo dispuesto en la Regla 47; (3) denegando una moción de nuevo juicio bajo la Regla 48.

(e) Si el apelante o el recurrente dejare de hacer cualquiera de las gestiones ulteriores para perfeccionar la apelación a los recursos de revisión o certificación, dicha omisión no surtirá efectos para la validez de los mismos, y solamente será motivo para la concesión de aquellos remedios especificados en esta Regla 53; o cuando no se especificare remedio alguno, para aquella acción que el tribunal de apelación creyere apropiada, incluyendo la desestimación de la apelación o de las solicitudes de revisión o certificación. Si no se hubiere archivado el expediente de apelación o de revisión en el tribunal de apelación, las partes, con la aprobación de la sala que dictó la sentencia, podrán obtener la desestimación mediante estipulación al efecto. "(Subrayado nuestro).
Como expusimos anteriormente, la peticionaria radicó dos (2) mociones de reconsideración, y en la segunda de éstas incluyó una solicitud al amparo de la Regla 43.3, supra. Esta solicitud fue una tardía ya que debió ser "presentada a más tardar diez (10) días después de haberse archivado en autos copia de la notificación de la sentencia," y esto no se hizo. Esta solicitud fue presentada diecisiete (17) días después del archivo en autos de copia de la notificación de la sentencia. Por tanto, el plazo para apelar no fue interrumpido bajo la Regla 43.3 de las de Procedimiento Civil. 
En cuanto a las mociones de reconsideración, la Regla 47 de las de Procedimiento Civil en lo pertinente dispone:
"La parte adversamente afectada por una resolución, orden o sentencia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o solicitar revisión se *920 considerará como que nunca fue interrumpido." 32 LPRA Ap III R.47 (1983).
Las dos mocionfes dé reconsideración.presentadas por la parte peticionaria fueron rechazadas de plano, por lo que el término para apelar que' tenía'ésta nunca fue interrumpido.
Conforme a este análisis y de acuerdo a la Regla 53.1, antes transcrita en lo pertinente, el término para apelar venció en 30 de mayo de 1995. La petición de los demandantes ante este tribunal fue presentada el 19 de junio, veinte (20) días tarde. El Tribunal Supremo ha resuelto que los términos para apelar sentencias civiles, como la de autos,, son dispuestos. por ley. para conferir jurisdicción al tribunal apelativo, y- siendo'este término uno jurisdiccional no puede ser prorrogado por este Tribunal. Carecemos, pues, de jurisdicción para considerar la apelación de la sentencia desestimatoria dictada por el Tribunal de Primera Instancia. En armonía con la Regla 31 del Reglamento del Tribunal de Circuito de Apelaciones, que entró en vigor el 24 de enero de 1995, [9] se desestima el recurso de apelación presentado en el caso de epígrafe por falta de jurisdicción.
Lo acordó el Tribunal, y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95DTA233
1. Véase Regla 43.5 de las de Procedimiento Civil, 32 LPRA Ap. HI R. 43.5 (1983).
2. Veánse: Cárdenas Maxán v. Rodríguez, 119 DPR 642, 654 y 659 (1987); Asociación de Propietarios v. Santa Bárbara Co., 112 DPR 33, 42 (1982).
3. Véase: Regla 15 del Reglamento del Tribunal de Circuito de Apelaciones que entró en vigor el 24 de enero de 1995.
4.32 LPRA Ap HI R 53.1 (1983)..
5. Regla 43.3 de las de Procedimiento Civil, supra. Véase también Canales v. Converse de Puerto Rico Inc., 92 JTS 9, 130 DPR (1992).
6. Copia de la notificación de la sentencia fue archivada en autos en 27 de abril de 1995, la solicitud al amparo de la Regla 43.3, supra, fue radicada el 15 de mayo de 1995.
7. Regla 53.1 de Procedimiento Civil, supra.
8. Pueblo v. Ortiz Couvertier, opinión del 9 de marzo de 1993, 93 JTS 32; Pueblo v. Miranda Colón, 115 DPR 511 (1984).
9. Esta regla en lo pertinente dispone:

"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (l) Que el Tribunal de Circuito de Apelaciones carece de jurisdicción."