# 96 DTA 78

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAROLINA Y FAJARDO

EL PUEBLO DE PUERTO RICO
Apelado

v.

EDWIN E. LA SANTA
Apelante

Núm. KLAN-95-01291

San Juan, Puerto Rico, a 7 de febrero de 1996

Panel integrado por su presidenta, la Juez Rivera de Martínez,

y los Jueces Martínez Torres y Rodríguez García

Rodríguez García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El presente recurso de apelación fue presentado por la parte apelante, Edwin E. La Santa, en 16 de noviembre de 1996 en el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Fajardo y en nuestra Secretaría en 21 de noviembre de 1995.., se apela de una sentencia por el delito de Alteración a la Paz dictada el día 25 de octubre de 1995. La parte apelante presentó Moción de Reconsideración en 8 de noviembre de 1995 y el Tribunal de Primera Instancia la declaró No Ha Lugar el 10 de noviembre de 1995, notificándose ese mismo día.

Desestimamos el recurso por falta de jurisdicción. Nos explicamos.

### I

La Ley de la Judicatura de 1994, Ley Núm. 1 de 28 de julio de 1994, dispone en su Artículo 4.002 que el Tribunal de Circuito de Apelaciones podrá entender mediante recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia. Sin embargo, no establece el término para presentar dicha apelación. En casos criminales éste se establece en la Regla 216 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 216, dando un término de diez (10) días a partir de la fecha en que la sentencia condenatoria fue dictada. Así mismo establece que de presentarse una moción de reconsideración el término para apelar comenzará a contar desde la notificación de la resolución resolviendo la misma. █

En el presente caso la sentencia fue dictada en 25 de octubre de 1995 y se presentó Moción de Reconsideración el 8 de noviembre del mismo año. Esto significa que se presentó la moción a los catorce (14) días de haberse dictado la sentencia condenatoria, esto es después de haber expirado el término para reconsiderar y apelar.

Es forzoso concluir que esta Moción de Reconsideración presentada por el apelante no interrumpió el término para apelar debido a que la misma fue presentada fuera del término establecido de diez días.

No obstante esta situación, el Tribunal declaró la misma No Ha Lugar el 10 de noviembre de 1995, notificándola el mismo día.

Esta actuación del Tribunal es nula e inoficiosa ya que estuvo fuera de su jurisdicción. Cuando expira el término provisto para reconsiderar o apelar una sentencia el Tribunal no puede entrar a considerar ninguna de ambas cosas si éstas fueron presentadas fuera de los términos establecidos ya que la sentencia a considerar se ha convertido en final y firme.

La apelación se presentó el día 16 de noviembre de 1995, a los veintidos (22) días de haberse

dictado la sentencia, ya que la moción de reconsideración por no haber sido presentada en tiempo no interrumpió el término para apelar.

El Tribunal Supremo ha resuelto que los términos para apelar sentencias, penales o civiles, son fijados por ley para conferir jurisdicción al tribunal apelativo. Siendo jurisdiccional, el término para apelar no puede ser prorrogado ni siquiera por el tribunal apelativo, pues tal acción sería en exceso de la autoridad que le confiere la ley. *Pueblo v. Miranda,* 115 D.P.R. 511, 513 (1984). La falta de jurisdicción de un tribunal no puede ser subsanada y los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso. *Vázquez v. ARPE,* Opinión de 13 de junio de 1991, **91 J.T.S. 53,** a la página 8661. Así, corresponde a los tribunales ser guardianes de su propia jurisdicción, *Sociedad de Gananciales v. A.F.F.,* 108 D.P.R. 644 (1979), pues no existe discreción para asumir jurisdicción donde no la hay. *Martínez v. Junta de Planificación,* 109 D.P.R. 839 (1980).

Finalmente se señala que el Circuito Regional IV, Panel I de las Regiones Caguas, Humacao y Guayama dictó Sentencia el 14 de junio de 1995 desestimando la apelación del caso de *Pueblo de Puerto Rico v. Nairy L. Collazo Vázquez,* Núm. KLAN-95-00341 y Núm. KLCE-95-00247 por el fundamento que hoy desestimamos la presente apelación.

No conforme con dicha Sentencia el acusado Nairy L. Collazo Vázquez acudió ante el Honorable Tribunal Supremo de Puerto Rico mediante *certiorari* y dicho Tribunal en el caso CC-95-64, *El Pueblo de Puerto Rico vs. Nairy L.Collazo Vázquez,* mediante Resolución sostuvo la posición de este Tribunal de Circuito de Apelaciones decretando: ■

*"Examinada la petición de certiorari, se deniega la misma. La sentencia desestimatoria por falta de jurisdicción dictada por el Tribunal de Circuito de Apelaciones resulta ser correcta. Según dispone el inciso (a) del artículo 4.002 de la Ley de la Judicatura de 1994, el recurso apropiado para solicitar la revisión de una sentencia final condenatoria emitida por el Tribunal de Primera Instancia es un escrito de apelación. Dicho recurso, según provee la Regla 14 del Reglamento del Tribunal de Circuito de Apelaciones, la cual nos refiere a las Reglas de Procedimiento Criminal, debe ser presentado dentro del término de diez (10) días contados a partir de la fecha en que la sentencia condenatoria fuera dictada, según específicamente dispone la Regla 216 (b) de Procedimiento Criminal."*

En el caso de autos la sentencia condenatoria final fue dictada el 24 de marzo de 1995, por lo que el término para acudir ante el Tribunal de Circuito de Apelaciones venció el 3 de abril de 1995. Habiéndose presentado el recurso el 24 de abril de 1995, dicho Tribunal no tiene jurisdicción para considerar el mismo, por lo que resulta correcta la sentencia desestimatoria a esos fines.

Por tanto declinamos considerar el presente recurso de apelación por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 96 DTA 78**

**1.** (b) Procedimiento para formalizar la apelación.

La apelación se formalizará presentando un escrito de apelación o una solicitud de juicio *DE NOVO* en la secretaría de la sala del Tribunal de Distrito en que se celebró el juicio, previa notificación del mismo al Ministerio Público o al fiscal privado, si lo hubiere, dentro del término de diez (10) días, contados a partir de la fecha en que la sentencia condenatoria fuere dictada. Si se solicitare la reconsideración de la sentencia, el término para radicar el escrito de apelación quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución negando la reconsideración. Cuando el acusado apelante.

se encontrare recluido en una institución penal y apelare por su propio derecho, el recurso de apelación se formalizará de acuerdo con lo prescrito en la Regla 195. (Enfasis suplido.)

**2.** Consideramos dicha Resolución altamente ilustrativa y persuasiva en ausencia de jurisprudencia a tales efectos.