TEXTO COMPLETO DE LA RESOLUCION
Antecedentes
El querellante-recurrido, Sr. Jorge A. Negrón Labrador (Sr. Negrón), compró a Terrassa Concrete Industries, Inc. 15.5 yardas cúbicas de hormigón que instaló el 22 de junio de 1999 en el techo de la residencia, entonces en construcción. En tal compra, por precio de $1,038.50, se estableció que el hormigón a ser servido en la obra contaría con 3,000 libras de resistencia por pulgada cuadrada una vez éste fraguara.
En o para el mes de octubre de 1999 y durante las preparaciones para proteger el inmueble del inminente paso por Puerto Rico del huracán George, el Sr. Negrón instaló un toldo impermeabilizante sobre el inmueble y al clavar sobre la superficie exterior del techo de concreto de su residencia, notó que los clavos entraban como si clavare sobre madera. Ello le indicó que el hormigón no daba la resistencia de 3,000 libras por pulgada cuadrada por el que pagó.
Temiendo por su seguridad, el querellante procedió a apuntalar (12 puntales) todo el techo y reclamó a la vendedora del hormigón.
Finalmente, el Sr. Negrón se querelló ante el Departamento de Asuntos del Consumidor (DACO, Querella Núm. 100007699). Durante el proceso administrativo, el querellante utilizó un informe de "Jaca & Sierra Testing Laboratories" fechado el 4 de noviembre de 1999, en el que se hace constar que conforme a las muestras tomadas del techo el 28 de octubre de 1999, el hormigón allí vaciado no cuenta con la resistencia contratada de 3,000 libras por pulgada cuadrada, conforme al estándar del American Concrete Institute (ACI). También, el querellante presentó cotización de J.F.F. Contractors Corp. por $15,640.00 para la demolición y revaciado del hormigón en el área afectada.
Mediante Resolución Administrativa del 29 de junio de 2000, notificada a las partes el 30 de igual mes y año, el foro administrativo concluyó que el querellante compró y pagó por 15.5 yardas cúbicas de hormigón servido en el lugar de la obra con una resistencia específica de 3,000 libras por pulgada cuadrada y que la parte querellada sirvió un producto de inferior calidad, por lo que luego de fraguado, no alcanzó la propiedad de resistencia deseada y contratada. Resolvió también que la estructura, así construida, tenía que ser demolida y re-vaciada, con nuevo hormigón de la característica deseada. DACO también aceptó el estimado o cotización de J.F.F. Contractor Corp. como costo de la corrección necesaria.
*930 Terrassa Concrete Industries, Inc. presentó moción de reconsideración, la que no fue acogida por DACO y el 5 de septiembre de 2000 presentó la solicitud de revisión del epígrafe.
Del Apéndice II (págs. 6-11) consta que la moción de reconsideración fue suscrita el 19 de julio de 2000 y en el párrafo tercero del escrito de revisión se nos informa "Que la parte querellante-recurrente radicó una reconsideración, el 20 de julio de 2000." (Enfasis suplido). De la copia en el apéndice, no consta el sello de radicación por parte de DACO.
Ante tal cuadro fáctico, el 26 de octubre de 2000 dictamos la siguiente orden:
“Se concede al Departamento de Asuntos al Consumidor término de 30 días para exponer respecto al segundo señalamiento de error. ” Regla 64 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 64.
DACO ha comparecido el 29 de noviembre de 2000 mediante "Oposición a Recurso de Revisión" e informa "...que del expediente administrativo surge que la solicitud de reconsideración fue radicada el 24 de julio de 2000 y no el 20 de julio como indica el recurrente". DACO también unió como apéndice de su escrito la primera página de la moción de reconsideración de Terrassa Concrete Industries, Inc. donde consta sello de radicación de DACO con fecha de 24 de julio de 2000,2:44 p.m.
Ha transcurrido el término de 10 días que concede la Regla 68(B) del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII(A) R. 68(B), para que la parte recurrente replique al respecto, de así interesarlo, y no lo ha hecho. Debemos por tanto considerar la fecha de 24 de julio de 2000 como la correcta en cuanto a la radicación del escrito de reconsideración ante DACO.
Luego de la enmienda a la sección 3.15 de la L.P.A.U., 3 L.P.R.A. see. 2165, por la Ley 247 de 25 de diciembre de 1995, la presentación de la moción de reconsideración ante el foro administrativo de Instancia es de carácter discrecional y, por lo tanto, ya no es de índole jurisdiccional ante DACO. Maldonado Bermudez v. Maldonado González, 96 J.T.S. 87, a la pág. 1253; Aponte v. Policía de P.R., 96 J.T.S. 157 (384-385). No obstante, para que la moción de reconsideración tenga el efecto de interrumpir el término jurisdiccional para la presentación del recurso de revisión judicial (Art. 4.002(g), 4 L.P.R.A. sec. 22k(g), en cualquier caso, es menester que el escrito de reconsideración ante el foro administrativo fuere originalmente presentado dentro del término jurisdiccional de 20 días a partir del archivo en autos de copia de la notificación de la Resolución. De otro modo, el término de 30 días no queda interrumpido, como ocurrió en este caso. Véase Rivera v. Municipio de Carolina, 98 J.T.S. 28, a la pág. 751, Pagán Ramos v. F.S.E., 129 D.P.R. 888, 903 (1992).
Como se sabe, el escrito de revisión judicial ha de ser presentado ante el foro administrativo dentro del término jurisdiccional de ley, que en este caso es de 30 días a partir del archivo en autos de copia de la notificación del dictamen administrativo que en este caso ocurrió, el 30 de junio de 2000. Tratándose de un término jurisdiccional, su no cumplimiento es de carácter fatal. Méndez Cabrera v. Corp. Urb. Quintas de San Luis, 125 D.P.R. 635, 637 (1991).
De lo señalado, surge claramente que este recurso fue presentado tardíamente, toda vez que el término de 30 días que para la revisión administrativa dispone el ordenamiento sustantivo y procesal (See. 4.2, Ley Núm. 170, 12 agosto 1988, Ley de Procedimiento Administrativo Uniforme L.P.A.U., 3 L.P.R.A. see. 2174, Art. 4.002(g) Ley de la Judicatura de Puerto Rico, Ley 247 de 25 de diciembre de 1995, 4 L.P.R.A. 22K(g) y Regla 56 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, venció mucho antes del 24 de julio de 2000, fecha en que fue presentado el escrito de revisión del epígrafe ante la Secretaría de este Tribunal. Ello nos priva del ejercicio de nuestra jurisdicción. Lab. Clínico Guaynabo v. Depto. de Salud, 98 J.T.S. 87, pág. 1,265.
*931 Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben resolverse con preferencia a cualesquiera otras. Arriaga Rivera v. Fondo del Seguro del Estado, 98 J.T.S. 28; Autoridad Sobre Hogares v. Sagastivelza, 71 D.P.R. 436 (1950). La falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogársela, teniendo los tribunales el ineludible deber de examinar su propia jurisdicción. Pagán Navedo v. Rivera Sierra, 97 J.T.S. 76, a la pág. 1083; Vázquez v. A.R.P.E., 128 D.P.R. 513, 537 (1991); Pueblo v. Miranda Colón, 115 D.P.R. 511, 513 (1984).
Por los fundamentos antes expuestos, se desestima el recurso solicitado por falta de jurisdicción.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001DTA 67
1. El 20 de julio de 2000 es el último día para presentar la moción de reconsideración. Sec. 3.15 L.P.A U 32 L P R A 2165.
2. Durante 15 días, cuando la agencia administrativa no la acoge o no actúa sobre ella, o durante los 90-120 días si la acoge y luego no actúa, o a partir de la fecha en que se notifica cualquier decisión respecto al escrito de reconsideración.