ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, INSTITUCIÓN CORRECCIONAL GUAYAMA 500 RECURRIDA V. CARLOS L. CÁCERES PIZARRO PETICIONARIO | KLRA202400008 | *REVISIÓN JUDICIAL* procedente del Departamento de Corrección y Rehabilitación, Institución Correccional Guayama 500 _____ SOBRE: Suspensión de Privilegios por Regla 9 a los Confinados del Control C, Sección B |
|---|---|---|

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# **S E N T E N C I A**

En San Juan, Puerto Rico, a 11 de marzo de 2024.

Comparece el Sr. Carlos L. Cáceres Pizarro, en adelante el señor Cáceres o el recurrente, y solicita que revoquemos una *Resolución* emitida por el Departamento de Corrección y Rehabilitación, en adelante Corrección o el recurrido. Mediante la misma, se extendió el periodo de pérdida de privilegios por medidas de seguridad, que empezó el 26 de octubre de 2022.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción por tardío.

-I-

Surge de los documentos que obran en autos, que el 4 de noviembre de 2022 Corrección emitió una resolución en virtud de la cual declaró Ha Lugar la solicitud de extensión de suspensión de privilegios por el término de cuarenta (40) días calendarios.[1]

_____

[1] Apéndice del recurrente, *Resolución*, pág. 4.

Inconforme con dicha resolución, el **1 de enero de 2024** el recurrente presentó una *Moción de Solicitud* en virtud de la cual pide a este tribunal intermedio "su urgente intervención".

Conforme la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos," ello "con el propósito de lograr su más justo y eficiente despacho…".[2] En consideración a lo anterior, eximimos a la parte recurrida de presentar su alegato en oposición.

Examinados el escrito del recurrente y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

Nuestro ordenamiento jurídico administrativo permite a una parte adversamente afectada por una orden o resolución parcial o final de una agencia presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones. En lo pertinente, la Sección 4.2 de la Ley Núm. 38-2017, mejor conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*,[3] en adelante LPAU, dispone:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la

---

[2] Regla 7(B) (5) del Reglamento del Tribunal de Apelaciones, (4 LPRA Ap. XXII-B).
[3] 3 LPRA sec. 9672.

presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

**B.**

Un término jurisdiccional es aquél que confiere autoridad a un foro adjudicativo para resolver una controversia y el incumplimiento con el mismo no admite justa causa. Contrario a un término de cumplimiento estricto, el término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortarse ni extenderse.[4] Por ende, cuando un tribunal determina que no tiene jurisdicción viene obligado a desestimar el caso, pues ésta nunca puede ser subsanada ni por las partes ni por el tribunal.[5]

**C.**

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones dispone:

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

[. . . . . . .]

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.[6]

---

[4] *Toro Rivera et als. v. ELA et al.*, 194 DPR 393 (2015); *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000).
[5] *Vázquez v. ARPE*, 128 DPR 513, 537 (1991); *Pueblo v. Miranda Colón*, 115 DPR 511, 513 (1984).
[6] 4 LPRA Ap. XXII-B, R. 83 (B) y (C).

**-III-**

Surge de los documentos que obran en autos, que el **4 de noviembre de 2022** Corrección emitió una resolución.

Inconforme con dicha resolución, el **1 de enero de 2024** el recurrente presentó una *Moción de Solicitud* en virtud de la cual pide a este tribunal intermedio "su urgente intervención".

El señor Cáceres tenía 30 días para presentar la revisión judicial. Presentado el **1 de enero de 2024**, el recurso es tardío y no tenemos jurisdicción para atenderlo.

**-IV-**

Por los fundamentos previamente expuestos, se desestima el recurso por falta de jurisdicción por tardío.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones