ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>WILLIAM YAVED OTERO HERNÁNDEZ<br><br>Apelante | TA2026AP00171 | *Apelación*, procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>E IS2025G0007 al<br>E IS2025G0009;<br>E LE2025G0085 al<br>E LE2025G0087<br><br>Sobre: Art. 133 (A) del Código Penal; Art. 59 de la Ley Núm. 246-2011 |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de marzo de 2026.

Comparece William Yaved Otero Hernández ("señor Otero Hernández" o "Apelante") mediante *Recurso de Apelación* y nos solicita que revoquemos una *Sentencia* dictada el 29 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas ("TPI"). En virtud de la aludida determinación, el TPI encontró culpable al señor Otero Hernández por los delitos de actos lascivos contra un menor de dieciséis (16) años y maltrato de menores. Como consecuencia, impuso una pena de reclusión de quince (15) años, más una pena de cinco (5) años de libertad supervisada.

Por los fundamentos que proceden, se *desestima* el recurso de apelación, por falta de jurisdicción, por tardío.

**I.**

Por hechos acontecidos desde los meses de junio hasta agosto de 2020, el 14 de abril de 2025, el Ministerio Público presentó seis (6) acusaciones en contra del señor Hernández Otero, por el delito de agresión sexual contra un menor de dieciséis (16) años, según tipificado en el Art. 130 (A) del Código Penal, 33 LPRA sec. 5191.

Tras la celebración del juicio en su fondo, el 29 de diciembre de 2025, se celebró la Vista de Lectura de Sentencia, en presencia del acusado. Allí, el foro de instancia dictó una *Sentencia* de culpabilidad en contra del señor Hernández Otero, por tres (3) cargos del delito de actos lascivos contra un menor de dieciséis (16) años, según tipificado en el Art. 133 (A) del Código Penal, 33 LPRA sec. 5194, y por tres (3) cargos del delito de maltrato de menores, según tipificado en el Art. 59 de la derogada Ley Núm. 246-2011, 8 LPRA sec. 1174. En atención a ello, le impuso una pena de reclusión de quince (15) años, más una pena de cinco (5) años de libertad supervisada.

Inconforme, el 14 de enero de 2026, el señor Hernández Otero presentó una solicitud de reconsideración, la cual fue denegada mediante una *Orden* emitida el 16 de enero de 2026, notificada el 20 de enero de 2026. Insatisfecho aún, el 17 de febrero de 2026, acudió ante nos mediante *Recurso de Apelación*, en el cual realizó los siguientes señalamientos de error:

**Cometió un error de derecho el Honorable Tribunal al declarar culpable al apelante por actos lascivos como supuesto delito menor incluido del delito de agresión sexual, cuando dicho delito contiene elementos no contenidos en el delito mayor, en contravención de la doctrina de principio de legalidad y el debido proceso de ley basado en el análisis estricto de los elementos del tipo penal.**

**Cometió un error el Honorable Tribunal al sostener la convicción por actos lascivos ante insuficiencia de prueba más allá de duda razonable, al no establecerse de manera independiente y suficiente los elementos esenciales del delito imputado.**

**Cometió un error el Honorable Tribunal al sostener las convicciones por maltrato de menores cuando las acusaciones correspondientes estaban estructuradas exclusivamente como consecuencia directa de las agresiones sexuales imputadas, de las cuales el apelante fue absuelto, sin que mediara prueba de actos de maltrato independientes o autónomos. El Código Penal establece que un acto punible bajo distintas disposiciones solo puede castigarse bajo una de ellas, y la absolución o convicción bajo una impedirá todo procedimiento judicial por el mismo acto bajo las demás.**

**Cometió un error de derecho el Honorable Tribunal de Primera Instancia al permitir la no divulgación de notas e informes solicitados por la defensa, particularmente las notas de la agente que entrevistó a la presunta perjudicada, su madre y maestras, afectando el derecho constitucional del apelante al debido proceso de ley y a la confrontación efectiva de testigos.**

**Cometió un error el Honorable Tribunal al incurrir en actuaciones y expresiones durante el contrainterrogatorio de una testigo que comprometieron la apariencia de imparcialidad judicial, interviniendo en el curso del contrainterrogatorio y realizando manifestaciones que proyectaron empatía con la testigo, afectando el derecho del apelante a ser juzgado por un tribunal neutral.**

Por su parte, el 5 de marzo de 2026, el Ministerio Público presentó una *Solicitud de Desestimación*. Arguyó que la solicitud de reconsideración instada por el apelante fue inoportuna, ya que el término para su presentación vencía el 13 de enero de 2026. Por tanto, razonó que la solicitud de reconsideración no interrumpió el plazo para presentar el recurso de apelación. Así, pues, sostuvo que procedía la desestimación del recurso, por su presentación tardía.

Examinado el recurso, así como la *Solicitud de Desestimación*, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

### -A-

Es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.,* 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional

cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, *op. cit.*, pág 109.

**-B-**

La Regla 194 de Procedimiento Criminal, 34 LPRA Ap. II, R. 194, establece un término de treinta (30) días, contados a partir de la fecha en que fue dictada la sentencia, para acudir ante este Tribunal mediante recurso de apelación. *Véase*, también, Regla 23 (A) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 39. En caso de que el acusado estuviese presente en la sala al momento de ser dictada la sentencia o resolución, el término se calculará a partir de ese momento. *Íd.*; *Pueblo v. Rivera Ortiz*, 209 DPR 402 (2022). Nuestro Tribunal Supremo ha enfatizado que el término para presentar el recurso de apelación es jurisdiccional y, por lo tanto, improrrogable. *Pueblo v. Miranda Colón*, 115 DPR 511, 513 (1984).

Ahora bien, la Regla 194 de Procedimiento Criminal, *supra*, dispone que el término para acudir ante el Tribunal de Apelaciones podrá ser interrumpido mediante la oportuna presentación de una solicitud de reconsideración, dentro del término de quince (15) días, contados a partir del momento en que se dictó la sentencia. De manera tal que, el término para radicar el escrito de apelación comenzará a partir de la fecha en que se archive en autos la notificación de la resolución en la cual se adjudique la moción de reconsideración. *Íd.*; *Pueblo v. Román Feliciano*, 181 DPR 679, 685 (2011).

**III.**

En el recurso que nos ocupa, el apelante nos solicita que revoquemos una *Sentencia* dictada el 29 de diciembre de 2025, la cual fue objeto de una solicitud de reconsideración presentada el 14 de enero de 2026. Adelantamos que, examinado el recurso, así como la *Solicitud de Desestimación* presentada por el Ministerio Público, concluimos que carecemos de jurisdicción para atender el recurso en sus méritos, debido a su presentación tardía.

La *Sentencia* apelada fue dictada el 29 de diciembre de 2025, en corte abierta, en presencia del acusado, quien estuvo acompañado por su representante legal. Siendo así, el término para solicitar reconsideración

comenzó a transcurrir a partir del momento en que se dictó la sentencia. Cónsono con lo anterior, la solicitud debía ser presentada a más tardar el 13 de enero de 2026. No obstante, la moción de reconsideración se presentó el 14 de enero de 2026, en exceso del término. A pesar de que el TPI acogió la misma y la declaró No Ha Lugar, ello no tuvo el efecto de interrumpir el término para radicar el escrito de apelación ante este Tribunal.

El plazo para presentar el recurso de apelación venció el 28 de enero de 2026. Sin embargo, el apelante presentó su *Recurso de Apelación* el 17 de febrero de 2026, veinte (20) días después de vencer el término jurisdiccional. Como es sabido, el incumplimiento con un término jurisdiccional es insubsanable y acarrea el resultado de privar a este foro apelativo intermedio de su facultad revisora. Por lo tanto, resulta forzoso concluir que carecemos de jurisdicción para atender el presente recurso, por tardío.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso de apelación, por falta de jurisdicción, por tardío.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones