Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EDWIN FRANCO RODRÍGUEZ  Recurrente  V.  MUNICIPIO DE CAYEY  Recurrido | TA2025RA00411 | *Revisión de Decisión Administrativa* procedente de la Comisión Apelativa del Servicio Público  Caso Núm.: SM-24-000041 2025CA1232  Sobre: Jornada de Trabajo y Asistencia |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 19 de febrero de 2026.

El 20 de diciembre de 2025, compareció ante este Tribunal de Apelaciones el señor Edwin Franco Rodríguez (en adelante, señor Franco Rodríguez o recurrente), mediante recurso de *Revisión Judicial*. A través de este, nos solicita que revisemos la *Resolución* emitida y notificada el 20 de noviembre de 2025, por la Comisión Apelativa del Servicio Público (en adelante, la CASP). Mediante la referida *Resolución*, la CASP declaró *No Ha Lugar* una solicitud de reconsideración presentada por el señor Franco Rodríguez, mediante la cual impugnaba la previa desestimación de su apelación.

Por los fundamentos que expondremos a continuación, se **confirma** el dictamen recurrido.

### I

Conforme surge del expediente, el señor Franco Rodríguez laboró como paramédico en el Departamento de Emergencias Médicas y Sistema 911 del Centro de Salud Mariano Rivera Ramos

del Municipio de Cayey hasta el 31 de diciembre de 2022, fecha en que se acogió al Programa de Retiro Temprano 2022.[1]

Luego de su retiro, el 20 de junio de 2023, el señor Franco Rodríguez, por conducto de la Licenciada Wanda I. Cruz Rodríguez, cursó una reclamación extrajudicial al Municipio de Cayey (en adelante, el Municipio).[2] En esencia, reclamó el pago de días feriados y tiempo compensatorio acumulado durante el periodo comprendido entre 2012 y diciembre de 2022.[3]

El 19 de julio de 2023, el Municipio acusó recibo de la reclamación y solicitó evidencia y/o documentación que acreditara la acumulación del tiempo compensatorio reclamado.[4]

Tras varias gestiones infructuosas[5], el 12 de abril de 2024, el recurrente cursó una nueva misiva al Municipio, la cual fue recibida el 8 de mayo de 2024.[6] En esta, hizo constar que, el 10 de abril de 2024, recibió un pago directo del Municipio por la cantidad de $3,490.43. Adujo que, según se le informó, dicho pago correspondía a horas adeudadas por concepto de tiempo compensatorio. No obstante, señaló que, el Municipio no identificó el periodo ni las horas cubiertas por el pago. Ante ello, reiteró su reclamo y solicitó que se le contestara en un término de quince (15) días.

Al no recibir respuesta, el 8 de agosto de 2024, el recurrente acudió ante la CASP e instó una *Solicitud de Apelación* por derecho

---

[1] Véase, apéndice del recurso de *Revisión Judicial*, anejos 23 y 29.

[2] *Íd.*, anejo 35.

[3] Cabe señalar que, el señor Franco Rodríguez no especificó las horas que estaba reclamando.

[4] Véase, apéndice del recurso de *Revisión Judicial*, anejo 25.

[5] El señor Franco Rodríguez alegó que, llevó a cabo las siguientes gestiones, en las siguientes fechas:
1. 13 de octubre de 2023 – Carta dirigida a la señora Johannie Z. Ortiz Huertas, Directora de Recursos Humanos del Municipio.
2. 13 de octubre de 2023 – Reunión con el señor Rolando Ortiz Velázquez, alcalde del Municipio; la señora Johannie Z. Ortiz Huertas, Directora de Recursos Humanos del Municipio, y la licenciada Mildari Meléndez Rodríguez, abogada del Municipio.
3. 27 de noviembre de 2023 – Reunión con la licenciada Mildari Meléndez Rodríguez, abogada del municipio.
4. Enero 2024 – Se personó al Municipio, pero no fue recibido.
Véase, apéndice del recurso de *Revisión Judicial*, anejo 1.

[6] Véase, apéndice del recurso de *Revisión Judicial*, anejo 1. La carta fue cursada por correo certificado, y el Municipio la recibió el 8 de mayo de 2024.

propio contra el Municipio, a la cual se le asignó el número 2024-08-0519.[7] En el renglón correspondiente a la acción impugnada, el señor Franco Rodríguez expresó lo siguiente: "[d]el 2012 al 2022 trabajé unos días TC y feriados que nunca me los dieron, ni me los pagaron. Algunos sí, pero no [especifica] cuales."[8] En cuanto al remedio solicitado, indicó: "[s]olicito que se corrobore con las n[ó]minas para ver si es cierto o no para que se tome la acción correspondiente si me lo van a pagar o no. Son más de 100 días."[9]

Transcurridos varios meses, el 10 de marzo de 2025, el señor Franco Rodríguez solicitó que se le anotara la rebeldía al Municipio, mediante escrito intitulado *Escrito de que se Anote la Rebeldía a el Municipio de Cayey*.[10]

Ante dicha solicitud, el 2 de abril de 2025, notificada al día siguiente, la CASP emitió *Orden* mediante la cual, concedió al Municipio un término de veinte (20) días para mostrar causa por la cual no debía anotársele la rebeldía.[11]

El 23 de mayo de 2025, el Municipio compareció mediante *Moción Asumiendo Representación Legal y en Solicitud de Prórroga*.[12] En lo pertinente, solicitó un término adicional de veinte (20) días para presentar los escritos correspondientes.

La CASP concedió la prórroga el 28 de mayo de 2025.[13]

Posteriormente, el 13 de junio de 2025, el señor Franco Rodríguez presentó un escrito intitulado *Enmienda a la Apelación*.[14] A grandes rasgos, detalló con mayor precisión los argumentos

---

[7] Véase, apéndice del *Alegato en Oposición*, anejo 2. Cabe señalar que, el 10 de septiembre de 2024, la licenciada Cynthia G. Espendez Santisteban asumió la representación legal del recurrente. Véase, apéndice del recurso de *Revisión Judicial*, anejo 26.
[8] Véase, apéndice del *Alegato en Oposición*, anejo 2, pág. 2.
[9] *Íd.*
[10] Véase, apéndice del recurso de *Revisión Judicial*, anejo 31.
[11] *Íd.*, anejo 6.
[12] *Íd.*, anejo 11.
[13] *Íd.*, anejo 36.
[14] *Íd.*, anejo 22. Cabe señalar que, la CASP tomó conocimiento de dicha enmienda mediante *Orden* emitida el 17 de junio de 2025, notificada el 20 de junio de 2025. Véase, apéndice del recurso de *Revisión Judicial*, anejo 32.

esbozados en su *Solicitud de Apelación,* e hizo constar las gestiones realizadas para obtener el pago reclamado.[15]

Así las cosas, el 18 de junio de 2025, el Municipio instó una *Moción en Solicitud de Desestimación por Falta de Jurisdicción y Ausencia de una Reclamación que Justifique un Remedio.*[16] En primer orden, alegó que, la *Solicitud de Apelación* había sido presentada fuera del término jurisdiccional aplicable. Señaló que, conforme al *Reglamento Procesal de la Comisión Apelativa del Sistema de Administración de Recursos Humanos,* Reglamento Núm. 7313 de 7 de marzo de 2007 (en adelante, Reglamento Núm. 7313), cuando una parte presentaba un escrito ante la Autoridad Nominadora y no obtenía respuesta dentro de los sesenta (60) días siguientes, disponía de un término jurisdiccional de treinta (30) días, contados a partir del vencimiento de esos sesenta (60) días, para presentar su solicitud de apelación ante la CASP.

Arguyó que, en el presente caso, la primera comunicación dirigida al Municipio había sido enviada el 20 de junio de 2023, por lo que esa era la fecha que debía tomarse en consideración para el cómputo del término jurisdiccional en cuestión. Argumentó que, al haberse presentado la *Solicitud de Apelación* más de un (1) año después del reclamo inicial, la CASP carecía de jurisdicción para atender el asunto. En la alternativa, el Municipio sostuvo que, de entenderse que el término jurisdiccional comenzaba a contarse a partir de la comunicación cursada el 12 de abril de 2024, la CASP tampoco tendría jurisdicción. Explicó que, en ese caso, el término para que el señor Franco Rodríguez presentara su apelación ante la CASP habría vencido el 6 de agosto de 2024; es decir, dos (2) días antes de la presentación de la apelación, efectuada el 8 de agosto de 2024.

---

[15] Véase, nota al calce 5.

[16] Véase, apéndice del recurso de *Revisión Judicial,* anejo 12.

De otra parte, el Municipio adujo que, el señor Franco Rodríguez no había logrado impugnar una acción específica ni establecer con claridad el remedio solicitado, por lo que la apelación carecía de una reclamación que justificara la concesión de un remedio.

El 30 de agosto de 2025, el recurrente instó *Escrito en Oposición a Solicitud de Desestimación.*[17] En cuanto al planteamiento jurisdiccional, sostuvo que, el ordenamiento jurídico disponía de un término de tres (3) años para que los funcionarios públicos presentaran una reclamación salarial, contados a partir de la fecha en que cesaron sus servicios. Simultáneamente, indicó que, de conformidad al Código Civil de 2020, 31 LPRA sec. 5311 *et seq.*, la acción para reclamar salarios prescribía por el transcurso de un (1) año, contado desde que el empleado cesó su empleo, y dicho término podía interrumpirse mediante la notificación de la deuda al patrono, ya fuese judicial o extrajudicial.

En ese sentido, sostuvo que, el término prescriptivo había sido interrumpido en varias ocasiones —incluyendo las reclamaciones del 20 de junio de 2023 y el 8 de mayo de 2024—, y reiteró las gestiones realizadas. Como parte de estas, resaltó que, la última gestión se efectuó el 27 de noviembre de 2023, cuando se reunió con la licenciada Mildari Meléndez Rodríguez, abogada del Municipio, quien le informó que verificaría el estado de su petición. Añadió que, posteriormente, en enero de 2024, se personó al Municipio para dar seguimiento a su reclamo, pero no fue recibido.

De otra parte, en cuanto al señalamiento de que su solicitud carecía de una reclamación que justificara la concesión de un remedio, sostuvo que, el Municipio había podido identificar su reclamo de la propia apelación.

---

[17] Véase, apéndice del recurso de *Revisión Judicial,* anejo 2.

Atendidos los escritos de las partes, el 8 de septiembre de 2025, la CASP emitió *Resolución*.[18] En virtud de esta, resolvió que carecía de jurisdicción para atender la *Solicitud de Apelación*. En particular, concluyó lo siguiente:

> En el presente caso no se presentaron los requisitos necesarios para que se active la jurisdicción apelativa de la Comisión. En primer lugar, no existe una determinación final escrita de la autoridad nominadora. Examinada la información proporcionada por el PROMOVENTE, este informó haber realizado un planteamiento escrito a la parte promovida, el 12 de abril de 2024, pero notificada el 8 de mayo de 2024; por lo que, es de aplicación la Sección 1.2 (b). A esos efectos, la parte promovida tenía hasta el 8 de julio de 2024 para contestar la solicitud del promovente, lo cual no ocurrió. Consecuentemente, el PROMOVENTE tenía hasta el 7 de agosto de 2024 para presentar su recurso apelativo. Sin embargo, este presentó su *Solicitud de Apelación* el 8 de agosto de 2024, es decir un (1) día después de culminado el término jurisdiccional.

En consecuencia, la CASP desestimó la *Solicitud de Apelación* instada por el señor Franco Rodríguez.

Inconforme, el 19 de septiembre de 2025, el recurrente presentó un *Escrito en Solicitud de Reconsideración*.[19] En lo pertinente, argumentó que, la determinación de la CASP violentaba su derecho de acceso a la justicia y a la igual protección de las leyes. Adicionalmente, señaló que, la CASP había desestimado la apelación inicial, mas no la apelación enmendada.

De otra parte, insistió en que el término prescriptivo aplicable a la reclamación de salarios por parte de funcionarios públicos era de tres (3) años, contados desde la fecha en que cesaran sus funciones. A su vez, reiteró que, conforme a las disposiciones del Código Civil de 2020, *supra*, el término prescriptivo para que un empleado presentara una reclamación salarial era de un (1) año, contado a partir de la fecha de cese de empleo. Así pues, manifestó

---

[18] *Íd.*, anejo 40.

[19] Véase, apéndice del *Alegato en Oposición*, anejo 9. La referida solicitud fue acogida por la CASP el 6 de octubre de 2025. Véase, apéndice del recurso de *Revisión Judicial*, anejo 30.

que, su causa de acción no estaba prescrita, toda vez que, se había retirado en diciembre de 2022.

Por último, arguyó que, la determinación emitida por la CASP había sido tomada por dos (2) comisionados de la CASP y no por la mayoría de los comisionados, lo que contravenía el Plan de Reorganización Núm. 2, conocido como *Plan de Reorganización de la Comisión Apelativa del Servicio Público* de 26 de julio de 2010, 3A LPRA Ap. XIII *et seq.*, (en adelante, Plan de Reorganización Núm. 2). Añadió que, el Memorando Interno CASP MI-2024-3 —mediante el cual se designaron paneles de comisionados, encargados de atender los asuntos que le fueran delegados, incluyendo las apelaciones—, no tenía el efecto de enmendar el referido plan.

El 20 de octubre de 2025, el Municipio instó su *Oposición a Solicitud de Reconsideración*.[20] En primer orden, sostuvo que, el recurrente no había presentado argumento alguno que rebatiera la falta de jurisdicción de la CASP. Añadió que, nada de lo esbozado sobre el término prescriptivo para instar una reclamación salarial contradecía lo resuelto por la CASP. En segundo lugar, adujo que, las enmiendas a la apelación se retrotrajeron a la fecha de presentación inicial, por lo que la enmienda no subsistía tras la desestimación de la *Solicitud de Apelación.* Finalmente, argumentó que, el mencionado memorando interno no era contrario al Plan de Reorganización Núm. 2, *supra.*

El 20 de noviembre de 2025, la CASP emitió la *Resolución* recurrida.[21] Mediante esta, declaró *No Ha Lugar* el *Escrito en Solicitud de Reconsideración* instando por el recurrente. La CASP razonó que, el término prescriptivo para presentar una reclamación salarial no sustituía ni alteraba el término jurisdiccional para presentar una apelación ante su consideración. En otras palabras,

---

[20] Véase, apéndice del *Alegato en Oposición,* anejo 10.
[21] Véase, apéndice del recurso de *Revisión Judicial,* anejo 10.

explicó que, fue el incumplimiento del término jurisdiccional y no del plazo prescriptivo lo que privó a la CASP de atender la apelación.

Inconforme aún, el 20 de diciembre de 2025, el señor Franco Rodríguez presentó el recurso de *Revisión Judicial* que nos ocupa y esgrimió los siguientes señalamientos de error:

> Primer error: Que la determinación cuya reconsideración aquí se solicita fue tomada, en violación al debido proceso de ley, careciendo de quorum para tomar la determinación de desestimar la acción y denegar la reconsideración, confirmando la desestimación, no siendo tomada por la mayoría.
>
> Segundo error: La Comisión erra en su determinación al aplicar e interpretar los términos jurisdiccionales contenidos en su reglamento, en perjuicio del empleado y en beneficio de su patrono, impidiéndole al empleado el acceso a la igual protección de la ley, y al debido proceso de ley.
>
> Tercer error: La Comisión erra al desestimar la acción del empleado, concluyendo que no tiene jurisdicción, no obstante dispone el empleado de un término para el reclamo de salarios dejados de devengar de 3 años.

El 14 de enero de 2026, emitimos *Resolución*, en la cual concedimos a la parte recurrida hasta el 30 de enero de 2026, para presentar su oposición al recurso.

En cumplimiento, el 30 de enero de 2026, el Municipio presentó *Alegato en Oposición*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. *Revisión de Determinaciones Administrativas*

Según es sabido, los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que, estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Vázquez et al. v. DACo*, 2025 TSPR 56, pág. 25, 216 DPR ___ (2025); *Katiria´s Café v. Mun. de San Juan*, 2025 TSPR 33, pág. 10, 215 DPR ___ (2025); *Hernández Feliciano v.*

*Mun. Quebradillas*, 211 DPR 99, 114 (2023); *OEG v. Martínez Giraud*, 210 DPR 79, 87-89 (2022); *Pérez López v. Depto. Corrección*, 208 DPR 656, 672 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Katiria´s Café v. Mun. de San Juan*, supra; *Transp. Sonnell v. Jta. Subastas ACT*, 214 DPR 633, 648 (2024); *Hernández Feliciano v. Mun. Quebradillas*, supra. No obstante, tal norma no es absoluta, es por lo que, nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.

En *Torres Rivera v. Policía de Puerto Rico*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la forma siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 115; *OEG v. Martínez Giraud*, supra, pág. 90; *Super Asphalt v. AFI y otro*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 127

(2019); *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*; *Pérez López v. Depto. Corrección*, supra, pág. 673; *Super Asphalt v. AFI y otro*, supra, pág. 819-820; *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018); *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012).

Bajo este supuesto, la Sección 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9675, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), "estableció el marco de revisión judicial de las agencias administrativas". *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.* págs. 35-36; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud*, supra; pág. 89; *Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217; Sec. 4.5 de la LPAU, 3 LPRA § 9675. Nuestro Máximo Foro, ha expresado que, esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía*, supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.*; *Hernández Feliciano*

*v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud,* supra, pág. 90; *Super Asphalt v. AFI y otro,* supra.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. *Rolón Martínez v. Supte. Policía*, supra; *Torres Rivera v. Policía de PR*, supra, pág. 627; Sec. 4.5 LPAU, 3 LPRA § 9675. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Rolón Martínez v. Supte. Policía*, supra, págs. 36-37; *Torres Rivera v. Policía de PR*, supra. El Tribunal Supremo ha dispuesto que, la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales. *Íd.* págs. 627-628; *OEG v. Martínez Giraud*, supra.

Finalmente, nuestra más Alta Curia ha expresado que, conforme lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *Íd.* págs. 90-91.

### B. Plan de Reorganización Núm. 2 y Memorando Interno Núm. CASP MI-2024-3

Con la aprobación del Plan de Reorganización Núm. 2, se fusionó la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (en adelante, CASARH) y la Comisión de Relaciones del Trabajo del Servicio Público, para formar la nueva CASP; un ente adjudicativo con jurisdicción apelativa

exclusiva para atender y adjudicar las apelaciones de los empleados públicos del Gobierno de Puerto Rico surgidas como consecuencia de acciones o decisiones de los administradores individuales y los municipios relacionadas a asuntos obrero-patronales. Así, se atendió el propósito jurídico medular de que sea la agencia especializada en determinado asunto la que lo atienda, conforme a la autoridad delegada por ley. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1053 (2013).

Según el Plan de Reorganización Núm. 2, la CASP estará compuesta por un presidente y seis (6) comisionados asociados. 3A LPRA Ap. XIII, Art. 5. Entre las facultades del presidente, el Art. 9 del referido Plan establece que este tendrá la facultad de, entre otras cosas, designar paneles para la administración de los poderes concedidos bajo el Plan de Reorganización Núm. 2. 3A LPRA Ap. XIII Art. 9(b). Asimismo, el presidente puede asignar o delegar a los comisionados asociados tareas y funciones adjudicativas, reglamentarias, administrativas u operacionales de la CASP. 3A LPRA Ap. XIII Art. 9(i).

En el ejercicio de dichas facultades, el 30 de diciembre de 2024, el Presidente de la CASP, Laudelino F. Mulero Clas (en adelante, el Presidente), emitió el Memorando Interno Núm. CASP MI-2024-3. En virtud de este, creó tres (3) paneles para atender apelaciones presentadas como consecuencia de acciones o decisiones de las agencias o municipios bajo el Art. 12 del Plan de Reorganización Núm. 2[22]; un (1) panel para atender reclamaciones presentadas como consecuencia de acciones o decisiones de agencias, organizaciones laborales, sindicales u obreras y de los representantes exclusivos bajo el Art. 11 del Plan de Reorganización Núm. 2[23], y un (1) panel ad hoc PCRU para atender apelaciones

---

[22] 3A LPRA Ap. XIII Art. 12.
[23] 3A LPRA Ap. XIII Art. 11.

presentadas como consecuencia de la implantación del Plan de Clasificación y Retribución de Puestos del Gobierno Central, conforme a la Carta Normativa Núm. 1-2023 de la Oficina de Administración y Transformación de los Recursos Humanos (OATRH).

De otra parte, el Art. 10 del Plan de Reorganización Núm. 2, 3A LPRA Ap. XIII Art. 10, establece que, para todas las determinaciones que requieran la actuación de la Comisión en pleno, el quórum se constituirá con la presencia de la mitad más uno de sus miembros, y todas las determinaciones se aprobarán con el voto afirmativo de la mayoría de los miembros. Asimismo, la CASP determinará, mediante reglamento, aquellos asuntos que requieran la actuación en pleno. *Íd.*

### C. *Reglamento Núm. 7313*[24]

La extinta CASARH promulgó el Reglamento Núm. 7313, *supra*, con el objetivo de establecer y actualizar los mecanismos y normas procesales que rigen el descargo de la función adjudicativa ante dicho organismo, aplicable a todos los procedimientos sometidos ante su consideración.

Conforme a dicho estatuto, la CASP tiene jurisdicción sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los municipios, en los casos y por las circunstancias allí especificadas. Reglamento Núm. 7313, *supra,* Sección 1.1.

De acuerdo al Reglamento Núm. 7313, *supra*, el término para presentar una apelación ante la CASP es de naturaleza jurisdiccional. En particular, el Artículo I, Sección 1.2 del referido cuerpo legal, dispone lo siguiente:

a. La solicitud de apelación se radicará en la Secretaría de la Comisión dentro del término jurisdiccional de

---

[24] El Reglamento Núm. 7313, *supra*, fue derogado por el *Reglamento Procesal de la Comisión Apelativa del Servicio Público*, Reglamento Núm. 9697 de 19 de septiembre de 2025. No obstante, hacemos referencia al primero, por ser el vigente al momento de los hechos del presente caso.

treinta (30) días consecutivos a partir de la fecha de notificación de la acción o decisión objeto de apelación en caso de habérsele cursado comunicación escrita, o desde que advino en conocimiento de la acción o decisión por otros medios.

b. De no existir una determinación final escrita, y la parte afectada hubiese hecho un planteamiento o reclamo, por escrito a la Autoridad Nominadora, y no reciba respuesta alguna en los siguientes sesenta (60) días desde que cursó la misiva, la parte afectada tendrá un plazo jurisdiccional de treinta (30) días, contados a partir del vencimiento del término de sesenta (60) días, para presentar una solicitud de apelación ante la Comisión.

Así, el Reglamento Núm. 7313, *supra*, establece los plazos jurisdiccionales que deben observarse para que la CASP pueda atender una apelación, siendo el cumplimiento de estos condición necesaria para que se active su jurisdicción.

### D. *Prescripción*

En nuestra jurisdicción, la prescripción es una institución de derecho sustantivo, no procesal, que constituye una de las formas de extinción de las obligaciones. *Birriel Colón v. Econo y otro*, 213 DPR 80, 94-95 (2023); *Xerox Corp. v. Gómez Rodríguez y otros*, 201 DPR 945, 952 (2019); *S.L.G. Serrano-Báez v. Foot Locker*, 182 DPR 824, 831 (2011). "[E]l propósito de la prescripción es fomentar el pronto reclamo de los derechos a la vez que se procura la tranquilidad del obligado frente a la eterna pendencia de una acción civil en su contra [y se elimina] la incertidumbre de las relaciones jurídicas". *Umpierre Biascoechea v. Banco Popular*, 170 DPR 205, 212-213 (2007). (Sentencia) (Rodríguez Rodríguez, opinión de conformidad). La prescripción, además, castiga la inercia en el ejercicio de los derechos, ya que el mero transcurso del periodo de tiempo establecido por ley, sin que el titular del derecho lo reclame, da lugar a una presunción legal de abandono. *Landrau Cabezudo et al. v. Puertos et al.*, 2025 TSPR 7, pág. 14, 215 DPR ___ (2025);

*Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 373-374 (2012). En particular, el término prescriptivo busca fomentar el establecimiento oportuno de las acciones, en aras de asegurar que el transcurso del tiempo no confundirá ni borrará el esclarecimiento de la verdad en sus dimensiones de responsabilidad y evaluación de la cuantía. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, supra, pág. 374.

Nuestro ordenamiento jurídico permite la interrupción de los términos prescriptivos. A esos efectos, el Código Civil dispone que "'[l]a prescripción de las acciones se interrumpe mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor [...], por una reclamación extrajudicial hecho por el acreedor, dirigida al deudor; o por el reconocimiento de la obligación por el deudor." 31 LPRA sec. 9489.

### E. Término jurisdiccional

Se entiende como término jurisdiccional aquel plazo cuya inobservancia acarrea la pérdida del derecho de actuar que la ley había reconocido. Sánchez Martínez, Hiram, *Práctica Jurídica de Puerto Rico–Derecho Procesal Apelativo*, Lexis—Nexis, San Juan, Puerto Rico, 2001, pág. 60. Un término jurisdiccional nunca puede ser prorrogado, pues tal acción sería en exceso de la autoridad que le confiere la ley al tribunal. *Pueblo v. Miranda Colón*, 115 DPR 511, 513 (1984). Así, ni los tribunales ni las agencias administrativas tienen discreción para extender un término de carácter jurisdiccional y abrogarse una jurisdicción que no tienen. *Rodríguez et al. v. A.R.Pe.*, 149 DPR 111, 116 (1999).

### III

En su **primer** señalamiento de error, el señor Franco Rodríguez aduce que, la *Resolución* recurrida violenta el debido proceso de ley, toda vez que, no fue una determinación tomada por la mayoría de los comisionados de la CASP. Argumenta que, el Plan

de Reorganización Núm. 2, *supra*, exige la concurrencia de más de uno de los miembros de la CASP para tomar determinaciones, y que un memorando interno no puede enmendar dicho requisito. No le asiste la razón.

De conformidad al derecho aplicable, el Art. 10 del Plan de Reorganización, *supra*, es de aplicación **únicamente** a las determinaciones que requieran la actuación de la CASP en **pleno**. Nada en el referido plan establece que toda resolución emitida por la CASP debe ser adoptada por la totalidad de sus miembros, ni que el requisito de quórum aplique a toda actuación adjudicativa. Más aún, del texto estatutario no surge que la determinación aquí recurrida tuviera que ser adoptada por la CASP en pleno.

Adviértase además, que el Plan de Reorganización Núm. 2, *supra*, faculta expresamente al presidente de la CASP para designar paneles y delegar funciones adjudicativas a los comisionados asociados de la CASP. 3A LPRA Ap. XIII Art. 9(b) e (i). En el presente caso, la determinación impugnada fue emitida por un panel designado conforme al Memorando Interno Núm. CASP MI-2024-3, el cual fue implementado por el Presidente de la CASP en el ejercicio de la facultad que concedida por el Plan de Reorganización Núm. 2, *supra*. Contrario a lo sugerido por el recurrente, dicho memorando no alteró ni enmendó la ley, sino que se limitó a implementar una facultad expresamente conferida.

En ausencia de disposición que exija que la determinación recurrida fuese tomada en pleno, y toda vez que, el panel fue designado conforme a la facultad del Presidente de la CASP, resulta forzoso concluir que la actuación del panel se realizó dentro del marco legal aplicable. Consecuentemente, razonamos que el primer señalamiento de error no se cometió.

En su **segundo** señalamiento de error, el señor Franco Rodríguez sostiene que, la CASP incidió en su determinación al

aplicar e interpretar los términos jurisdiccionales contenidos en su reglamento. Esgrime que, la CASP actuó de manera rigurosa al aplicarle los términos del Reglamento Núm. 7313, *supra*, mientras que al Municipio le concedió una prórroga para contestar la apelación, pese a que había solicitado la anotación de rebeldía.

De entrada, razonamos meritorio expresarnos sobre un asunto. Como parte de su discusión, el señor Franco Rodríguez argumenta que, "como cuestión de hecho y de derecho [la CASP] desestima la apelación, no así la apelación enmendada, en relación a la apelación enmendada no hay referencia alguna en la Resolución cuya reconsideración aquí se solicita; ni a la solicitudes de remedio de la parte apelante contenida en la misma."[25] Ahora bien, es norma hartamente conocida que las enmiendas realizadas a una alegación se retrotraen a la fecha de la presentación inicial. 32 LPRA Ap. V, R. 13.3. De modo que, una enmienda a una apelación no constituye un recurso independiente, sino que forma parte de esta. Por tanto, resulta erróneo sostener que la CASP desestimó la *Solicitud de Apelación* y no la enmienda, y que la *Resolución* recurrida no hace referencia a la enmienda, pues se trata de una sola apelación.

Aclarado lo anterior, procedemos a atender el segundo señalamiento de error propiamente.

Tras una evaluación sosegada del expediente ante nuestra consideración, razonamos que este no se cometió. En su recurso, el recurrente no demuestra de qué manera la concesión de la prórroga al Municipio le ocasionó un perjuicio concreto. El hecho de que la CASP no le haya anotado la rebeldía al Municipio por no contestar la apelación dentro del término correspondiente no implica que la CASP tuvo un trato desigual para con el recurrente, o que la aplicación del Reglamento Núm. 7313, *supra*, fue arbitraria.

---

[25] Véase, recurso de *Revisión Judicial*, pág. 12.

Adviértase que, la anotación de rebeldía constituye una sanción procesal y no un mecanismo automático ni de carácter jurisdiccional.

Asimismo, no podemos perder de vista que, el término dispuesto por el Reglamento Núm. 7313, *supra*, para la contestación de una apelación, no es de naturaleza jurisdiccional, y su incumplimiento no produce las mismas consecuencias que el incumplimiento con el término para presentar una apelación ante la CASP. En ese sentido, la comparación que intenta establecer el recurrente entre ambos plazos carece de méritos. En vista de ello, razonamos que, el segundo señalamiento error tampoco fue cometido.

Finalmente, en su **tercer** señalamiento de error, el recurrente sostiene que, la CASP erró al concluir que carecía de jurisdicción y desestimar la acción. Aduce que, el ordenamiento jurídico dispone de un término prescriptivo de tres (3) años para presentar una reclamación salarial.

Una lectura integral del tercer señalamiento de error refleja una confusión fundamental entre un término prescriptivo y un término jurisdiccional, por lo que resulta conveniente realizar la distinción.

Según lo esbozado en el Derecho, un *término prescriptivo* constituye un límite para ejercer un derecho **sustantivo**, que tiene como propósito fomentar el pronto reclamo de los derechos y la seguridad de las relaciones jurídicas. *Birriel Colón v. Econo y otro*, supra; *Xerox Corp. v. Gómez Rodríguez y otros*, supra; *S.L.G. Serrano-Báez v. Foot Locker*, supra; *Umpierre Biascoechea v. Banco Popular*, supra. En palabras más simples, se trata de un plazo que delimita el período en el cual una persona puede ejercer su causa de acción.

Por el contrario, un *término jurisdiccional* constituye un requisito **procesal** que debe cumplirse estrictamente. Es decir, se trata de un plazo que no puede prorrogarse ni obviarse; su incumplimiento priva al foro adjudicativo de autoridad para entender en el caso que se le presenta. Véase, *Pueblo v. Miranda Colón*, supra; *Rodríguez et al. v. A.R.Pe.*, supra.

Así pues, aunque una persona tenga un derecho que no ha prescrito, ello no le autoriza a presentar una apelación fuera del plazo jurisdiccional.

En el presente caso, a pesar del término prescriptivo con el que contaba el recurrente para instar su reclamación laboral, este no estaba exento de cumplir con los plazos procesales que establece el Reglamento Núm. 7313, *supra*, para presentar su *Solicitud de Apelación* ante la CASP. Sin embargo, el recurrente incumplió con ello. Veamos.

De conformidad al Reglamento Núm. 7313, *supra*, cuando la autoridad nominadora no emite respuesta a una comunicación dentro de sesenta (60) días, la parte afectada dispone de un término jurisdiccional de treinta (30) días, contados a partir del vencimiento de dichos sesenta (60) días, para presentar su solicitud de apelación ante la CASP. Reglamento Núm. 7313, Art. 1, Sección 1.2.

Conforme surge del expediente, el señor Franco Rodríguez cursó una carta al Municipio el 12 de abril de 2024, la cual fue recibida el **8 de mayo de 2024**. De conformidad al ordenamiento jurídico, el Municipio tenía hasta el 7 de julio de 2024, que por ser domingo, se extendió hasta el lunes, **8 de julio de 2024**, para contestar la solicitud del recurrente, lo cual no ocurrió. A partir de entonces, el señor Franco Rodríguez tenía treinta (30) días para acudir a la CASP; esto es, **hasta el 7 de agosto de 2024**. Sin embargo, el recurrente instó su *Solicitud de Apelación* el **8 de agosto**

**de 2024**. Esto es, un (1) día después de vencido el término jurisdiccional para presentar la misma.

Reiteramos que, los plazos jurisdiccionales son improrrogables y su incumplimiento priva de jurisdicción al foro para atender cualquier asunto. En vista de ello, colegimos que la CASP actuó correctamente, por lo que el tercer señalamiento de error no fue cometido.

En conclusión, luego de un ponderado análisis del caso de epígrafe, y de conformidad con el derecho antes citado, no encontramos en el expediente ante nuestra consideración actuaciones arbitrarias o caprichosas por la cual no debamos concederle deferencia a la CASP.

**IV**

Por los fundamentos expuestos, se **confirma** el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones